[No. 20222. Department One. — September 22, 1886.]

THE PEOPLE, RESPONDENT, *v.* GUISEPPE GIACA-MELLA, APPELLANT.

CRIMINAL LAW — ATTEMPT TO COMMIT ARSON — INFORMATION. — An information for an attempt to commit arson alleged that the defendant did, in the night-time of a certain day, willfully, maliciously, and feloniously attempt to burn, with intent then and there to destroy, a building, the property of a designated person. *Held,* that the information alleged the offense in the language of section 447 of the Penal Code, and was sufficient.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*William P. Veuve,* for Appellant.

*Attorney-General Marshall, Howell C. Moore,* and *D. W. Burchard,* for Respondent.

MYRICK, J.—The defendant was accused of the crime of an attempt to commit arson, the information alleging that the "defendant did in the night-time of said day willfully, maliciously, and feloniously attempt to burn, with intent then and there to destroy, a building," the property of, etc. No demurrer was interposed. The defendant was convicted of an attempt to commit arson in the second degree; and moved in arrest of judgment, on the ground that the information did not state facts sufficient to constitute a public offense, in that the information contained none of the definitions set forth in section 448, Penal Code.

The offense was stated in accordance with the language of section 447, Penal Code, and was sufficiently stated. As well might the provisions of section 449 to 452 be held necessary to be stated as those of 448. Section 447 declares the offense; and the following sections relate to circumstances of its commission.

There were circumstances tending to connect the defendant with the fire, and the question as to the sufficiency of those circumstances was with the jury. The court committed no error as to the instructions.

Judgment and order affirmed.

McKINSTRY, J., and ROSS, J., concurred.

Hearing in Bank denied.