[No. 20576. In Bank. — December 4, 1889.]

THE PEOPLE, RESPONDENT, *v.* HENRY RUSSELL, APPELLANT.

CRIMINAL LAW — ARSON — INFORMATION — LANGUAGE OF STATUTE — DEGREE OF CRIME — QUESTION OF FACT. — An information for arson drawn substantially in the language of section 447 of the Penal Code, defining the offense, is sufficient, and need not allege, in the language of section 448 of the same code, that the building burned was "one capable of affording shelter to human beings," or connected therewith; nor need it state in what degree the crime was committed. The degree of the crime is a question for the jury to determine from the evidence.

ID. — REFUSAL TO SUSPEND JUDGMENT — NEW EVIDENCE — DISCRETION. — The action of the court in refusing to suspend judgment and to grant a new trial, to allow the obtaining of proof of an oral unsworn statement of the defendant as to new evidence, will not be reviewed where no abuse of discretion appears.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial.

The facts are stated in the opinion.

*Ira C. Jenks,* for Appellant.

*Attorney-General Johnson,* for Respondent.

FOOTE, C.—The defendant was convicted of the crime of arson in the first degree. From the judgment rendered against him in the premises and an order denying him a new trial, he has appealed.

He claims that his demurrer to the information should have been sustained, as that pleading did not charge him with any public offense. His argument in this connection is, that although the information is drawn substantially in the language of section 447 of the Penal Code, it was fatally defective because it did not go further, and declare in the language of section 448 of the same code that the building the defendant is alleged to have burned was " one capable of affording shelter to human beings, or appurtenant thereto, or connected with an erection so adapted."

It has been frequently held by the appellate court of California that an information or indictment drawn substantially in the language of the statute which defines the offense is sufficient. (*People* v. *White,* 34 Cal. 183–188; *People* v. *Cronin,* 34 Cal. 191, 208–210; *People* v. *Lewis,* 61 Cal. 366, 367; *People* v. *Turner,* 65 Cal. 541, 542.)

It has also been decided that an information for arson is sufficient if it follows the language of section 447, and that it need not set out the language of section 448, which the defendant claims to have been necessary to the sufficiency of the information in the present instance.

" The offense was stated in accordance with the language of section 447 of the Penal Code, and was sufficiently stated. As well might the provisions of sections 449 to 452 be held necessary to be stated as those of 448. Section 447 declares the offense; and the following sec-

tions relate to circumstances of its commission." (*People* v. *Giacamella*, 71 Cal. 48, 49.)

Nor is it necessary, if the information or indictment charges arson in the language of section 447, that it should state in what degree the crime was committed; that is for the jury to determine from all the facts and circumstances developed in evidence. (Pen. Code, sec. 1157; *People* v. *King*, 27 Cal. 507–512; 87 Am. Dec. 95; *People* v. *Nichol*, 34 Cal. 211–217.)

The further point is made that the court erred in not suspending the judgment, so that the defendant might obtain proof of the truth of an oral unsworn statement he made when called up for sentence, as to what a boy named Bryant had confessed that he had seen another boy named Cramer do. We perceive nothing in the action of the court in refusing the request and the motion for a new trial which indicated any abuse of discretion.

Perceiving no prejudicial error in the record, we advise that the judgment and order be affirmed.

BELCHER, C. C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.