PEOPLE, PLAINTIFF AND APPELLEE, *v.* PIÑERO, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of San Juan in a Prosecution
for Involuntary Homicide.

No. 1643.—Decided July 14, 1922.

HOMICIDE—PLEADING—NEGLIGENCE.—Generally an information is sufficient if it
follows the wording of the statute defining the offense and specifies the time
and place of the commission of the crime; and when negligence is charged
in general terms, setting forth the circumstances under which the negligence
attached, the fact that the information does not specify the particular na-
ture of the negligence, if a defect, is one of form.

ID.—ID.—BILL OF PARTICULARS.—Although in a motion for a bill of particulars
the defendant only alleges that he can not prepare his defense without know-
ing the facts or acts said to be unlawful, if the evidence shows that the crime
charged could have been committed in several ways, in the exercise of its
general power and in furtherance of justice the appellate court should or-
der that the motion for a bill of particulars be sustained.

The facts are stated in the opinion.

*Mr. J. H. Brown* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was convicted of the crime of involuntary
manslaughter on an information charging that on the day
mentioned, in Santurce, which forms part of the judicial dis-
trict of San Juan, while operating an electric car as motor-
man along Park Street near Stop 42 the defendant unlaw-
fully, wilfully and through lack of care and prudence allowed
the car to strike the boy Salvador Arreche, who died a few
hours later as a result of the wounds received.

The defendant demurred to the information in the trial

1

court on the ground that the facts alleged therein were insufficient. The demurrer was overruled and he filed a verified motion for a bill of particulars specifying his acts or omissions, alleging that without this he would be unable to prepare his defense. The motion was overruled.

A jury trial and a judgment of conviction followed, whereupon the defendant raised this appeal and assigned several errors, the first seven being summarized in the conclusion that "The information is not sufficient to meet the requirements of the Sixth Amendment to the Constitution of the United States, or section 2 of the Organic Act of Porto Rico, or subdivision 3 of section 75 of the Code of Criminal Procedure." In other words, that the information fails to comply with the requirement that he "shall be informed of the nature and cause of the accusation," because two fundamental requisites are lacking: First, because it contains no allegation showing the existence of a duty on the part of the defendant towards Salvador Arreche; second, because it contains no allegation of the acts or omissions which constitute criminal negligence.

The information in this case follows the language of the statute defining the crime of involuntary manslaughter, stating when and where the act occurred, and this court and other courts have repeatedly held that generally an information so worded is sufficient. *People* v. *Pizarro,* 21 P. R. R. 17; *People* v. *Birrier et al.,* 18 P. R. R. 260; *Whiting* v. *State,* 36 Am. Dec. 499; *State* v. *Russel,* 23 Pac. Rep. 418; 22 Cyc. 339, note 6. In the case of *Riggs* v. *State,* 3 N. E. 888, it was said:

The Constitution does not require that an accused shall have a right to a specific statement of the charge against him, but the requirement is that he shall be informed of the nature of the charge."

In *Rathbun* v. *White* (Cal.) 107 Pac. Rep. 309, it was held:

"It is sufficient, under the rule well settled in this state, to charge negligence by the general averment that the defendant negligently did the particular act which resulted in damage to plaintiff."

In *Kennedy* v. *Hawkins* (Oregon), 102 Pac. 733, 25 L. R. A., N. S., 607, it was said that the complaint does not point out specifically the particular act of negligence or omission of duty relied upon, but it is not necessary to set forth the particular facts that show the act or omission to have been negligent, and that when a complaint contains a general averment of negligence, and the defendant joins issue without moving to make the pleading more definite, proof of any negligence within the general scope of the allegation is competent. It was also held in *Fisher* v. *Western Fuse & Explosive Co.* (Cal.), 108 Pac. 660, that it is sufficient to allege that an act was negligently done by the defendant, and that it caused damages to the plaintiff.

The appellant alleges that although that is the general rule when the definition of the crime is given in generic terms, yet in this case where failure to act with caution and prudence may have been due to different acts or omissions, the information should be more specific and set forth the acts or omissions involved in such failure in order that the defendant may prepare his defense. The same question was raised in the case of *People* v. *Parkhurst,* 29 P. R. R. 856, and it was there said, in considering an information similar to this, that the defect, if any, was one of form to be reached by a bill of particulars, citing the cases of *Smith* v. *State,* 115 N. E. (Ind.) 943; *Reams* v. *State,* 100 S. E. (Ga.) 230, and *State* v. *Sartino,* 115 S. W. (Mo.) 1015. Reference was made also to the case of *People* v. *Moreno,* 28 P. R. R. 96, in which the information was indentical with the information in this case, and it having been alleged that it failed to charge a public offense because the acts of negligence or carelessness had not been specified, this court held that when negligence is alleged

in general terms and the circumstances under which such negligence appears are set forth, failure to specify the particular nature of the negligence, if a defect, is one of form, and that the defendant would have been entitled to a bill of particulars if he had moved for it. In the cases of *Coffin v. United States*, 156 U. S. 452; *Rosen v. United States*, 161 U. S. 34; *Dunlap v. United States*, 165 U. S. 490, and *Kirby v. United States*, 174 U. S. 64, it was said that when the defendant desires knowledge of the facts in order to prepare his defense, he should move the court for a bill of particulars before the trial; and in the notes to *State v. Lewis*, Am. Ann. Cas. 1913 A, p. 1207, this question is considered at length, citing decisions according to which the right to a bill of particulars is not absolute, but within the discretion of the court, and that a refusal to sustain a motion therefor will be reversed only when an abuse of such discretion is shown.

In this case the defendant moved for a bill of particulars and it was denied. In support of his application the defendant merely said that he could not prepare his defense without knowing the facts, acts or omissions charged as unlawful, or constituting lack of due caution and prudence. He should have been more explicit in order to convince the court that otherwise it would be impossible or difficult for him to prepare his defense, and for that reason we are reluctant to hold that he court abused its discretion in overruling the motion; but our examination of the evidence shows that in fact the act charged could have occurred in several different ways, for some witnesses testified that the defendant was running the electric car at great speed; others that he gave no signal with the bell, and others that the head-light of the car was off and that he was not watching the track because he was distracted in looking at some girls who were passing along the right sidewalk of the street. All this convinces us that, in furtherance of justice and in the exer-

cise of our general power, we should reverse the judgment appealed from and remand the case with instructions to sustain the motion for a bill of particulars.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.