[Crim. No. 3933. In Bank.—March 31, 1936.]

THE PEOPLE, Respondent, v. FLOYD C. BRITTON et al.,
Appellants.

George E. Cloud, Frederic H. Vercoe, Public Defender, and William B. Neeley and Ellery E. Cuff, Deputies Public Defender, for Appellants.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

WASTE, C. J.—An indictment containing five counts was returned against the appellants, and others, by the grand jury of Los Angeles County. Each appellant entered a plea of guilty to one count thereof charging kidnaping for the purpose of robbery, in violation of section 209 of the Penal Code. As to the appellants, the remaining counts were ordered off calendar. Upon the charge to which each appellant entered his plea, the court below, after hearing pertinent evidence, pronounced judgment directing imprisonment in the state prison for the term prescribed by law "without possibility of parole". These appeals followed.

Section 209 of the Penal Code, under which the appellants were charged and sentenced, reads as follows:

"Every person who seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps or carries away any individual by any means whatsoever with intent to hold or detain, or who holds or detains, such individual for ransom, reward or to commit extortion or robbery or to exact from relatives or friends of such person any money or valuable thing, or who aids or abets any such act, is guilty of a felony and upon conviction thereof shall suffer death or shall be punished by imprisonment in the state prison for life without possibility of parole, at the discretion of the jury trying the same, in cases in which the person or persons subjected to such kidnaping suffers or suffer bodily harm or shall be punished by

imprisonment in the state prison for life with possibility of parole in cases where such person or persons do not suffer bodily harm.''

█ It is urged that the court below was without authority to include within the judgments the requirement that appellants be imprisoned "without possibility of parole". In support thereof it is contended that the victims did not suffer "bodily harm" within the meaning of the above-quoted section. The contention lacks merit. Examination of the record indicates that the victims, who were riding together in a truck, were forced to the side of the highway by appellants and a companion, where they were robbed, blindfolded and bound with copper wire. One of the victims, for whose kidnaping appellant Britton stands convicted, was struck over the head. The victims were then taken to a garage where their truck was unloaded. Subsequently they were released with their empty truck.

In *People* v. *Tanner*, 3 Cal. (2d) 279 [44 Pac. (2d) 324], we had occasion to interpret the phrase "bodily harm", appearing in the section. We there declared: "It will be noted that the statute does not use the words actual bodily harm, or great bodily harm, or bodily injury. Bodily, used singly, is defined as pertaining to the body. It is opposed to mental 'as bodily labor or pain'; physical is often synonymous with bodily, as physical discomfort, suffering. Harm is defined as 'hurt; injury; damage; (2) grief, pain, sorrow; (3) evil; wrong; wickedness'. (Webster's International Dictionary, 2d ed.) *Bodily harm* is generally defined as 'any touching of the person of another against his will with physical force in an intentional, hostile and aggravated manner, or projecting of such force against his person'. (8 C. J. 1134; *People* v. *Moore*, 50 Hun [N. Y.], 356 [3 N. Y. Supp. 159]; 1 Words and Phrases, p. 817; *King* v. *Hostetter*, 7 Canadian Criminal Law, 221.) . . . To bind persons in the manner in which the Bodkins were bound is to do them bodily harm. Mrs. Bodkin, while not subjected to the ordeal of fire, was imprisoned in a close and overheated closet, three by five feet in dimension, with two other persons for quite a period, and was finally left bound with the other members of the household. These acts unquestionably amount to bodily harm.''

We are satisfied, therefore, that the treatment accorded the victims of appellants' criminal acts constituted "bodily

4

harm'' within the meaning of section 209, *supra,* as interpreted in the Tanner case.

■ The appellant Russell urges the further point that the court was also without authority to sentence him ''without possibility of parole'' because the indictment contains no allegation that in the course of the commission of the crime of kidnaping for the purpose of robbery to which he entered his plea, the victim thereof suffered ''bodily harm''. It is argued that the instant situation is analogous to that where, by reason of a prior conviction of a defendant he may upon conviction of a subsequent felony be subjected to punishment greater than though he had not theretofore suffered a conviction. He directs attention to the rule that, in order for such prior conviction to result in an increased punishment as applied to a subsequent conviction, the indictment or information wherein the defendant is charged with the later offense must allege the fact of such prior conviction and that he served a term therefor, citing *People* v. *Dawson,* 210 Cal. 366 [292 Pac. 267].

It was to permit of more mature consideration of this point that we granted the hearing in this cause and its companion cases (Crim. Nos. 3932, 3934), though the point was not urged by all appellants in the several cases.

In our opinion the asserted analogous situation is not comparable to the one here presented. The mere charging of a substantive offense only warrants the imposition of the punishment prescribed therefor. It is only when the offender has suffered a prior conviction and served a term therefor that his punishment for the later offense may be increased. In other words, a prior conviction and service of sentence thereon are indispensable to the imposition of such increased punishment for the later substantive offense. Such material facts must therefore be alleged in the indictment or information if an increased punishment is to be imposed. A mere charging of the substantive offense, without reference to such other elements, would not support a punishment greater than that prescribed for the offense.

Such is not the situation here presented. Section 209 of the Penal Code, for the purpose of this case, defines but one criminal act or offense, viz., kidnaping for purpose of robbery, for which any one of several punishments may be imposed, depending entirely upon the circumstances surrounding its

commission. A charge in the language of the statute that the accused had kidnaped his victim for the purpose of robbery in violation of the statute apprises the accused of what he will be expected to meet and of the several punishments prescribed therefor, any one of which, upon conviction, may be imposed upon him. The indictment here involved charged the offense in the language of the statute and referred thereto.

It is well settled in this state that an indictment or information need not allege the particular mode or means employed in the commission of an offense, except when of the essence thereof. (14 Cal. Jur. 55, sec. 41, and authorities there cited.) In other words, particulars as to manner, means, place or circumstances need not in general be added to the statutory definition. (*People* v. *Giacamella,* 71 Cal. 48, 49 [12 Pac. 302] ; *People* v. *Russell,* 81 Cal. 616, 617 [23 Pac. 418].) The indictment or information need only charge the essential elements of the statutory offense. It then fairly apprises the defendant of what he is to meet at the trial.

So far as the present case is concerned, the essence of the offense denounced in section 209 as a felony is the seizing, confining, kidnaping, etc., of the victim for the purpose of robbery. If upon the trial of such offense, or upon plea of guilty, it develops that the victim suffered bodily harm, the jury or the court, as the case may be, may in its discretion fix the punishment at death or life imprisonment without possibility of parole or, should the victim not have suffered bodily harm, life imprisonment with possibility of parole is prescribed as punishment.

Though not presented in the Tanner case and therefore not discussed in our opinion therein, we gave consideration to the point now being urged before affirming the judgment there imposing the death penalty, for in that case, the first to come before us involving the amended section 209, the indictment, as here, merely charged the substantive offense in the language of the statute without any reference being made to bodily harm or the absence thereof. We there pointed out that section 209 as first added to our Penal Code in 1901 defined and prescribed the punishment for kidnaping for the purpose of extortion and robbery and then declared that "the only change made by the amendments of 1933 so far as they affect the instant case [kidnaping for the purpose of robbery,

as here] was to increase the penalty if the person forcibly taken suffers bodily harm''.

The sentences imposed upon the appellants are warranted under the indictment and evidence.

The judgments are, and each is, affirmed.

Seawell, J., Langdon, J., Thompson, J., and Shenk, J., concurred.

CURTIS, J., Dissenting.—I am unable to agree with the foregoing opinion which affirms a judgment of life imprisonment ''without the possibility of parole'' upon the plea of guilty by the appellants to a charge of kidnaping, where the indictment failed to charge that the person kidnaped suffered bodily harm. Section 209 of the Penal Code fixes two punishments for the crime of kidnaping, one where bodily harm is inflicted on the victim and the other where the offense is committed without the infliction of bodily harm.

The only crime charged against appellants was that of kidnaping, and this is the only crime to which they pleaded guilty. To now inflict upon them the aggravated punishment provided for the crime of kidnaping where bodily harm is inflicted is punishing them for a crime not alleged in the indictment and one as to the nature of which they were not informed by the indictment. One of the most ancient and fundamental rules of criminal procedure is that a defendant must be informed of the precise charge against him before he can be placed on trial or punished therefor. The judgment against defendants should be modified by striking therefrom the words, ''without the possibility of parole'', and as thus modified, affirmed.