[Crim. No. 3932.   In Bank.—March 31, 1936.]

THE PEOPLE, Respondent, v. FLOYD C. BRITTON, Appellant.

George E. Cloud for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

WASTE, C. J.—Following his plea of guilty to a charge of kidnaping for the purpose of robbery, the appellant was sentenced to the state prison for the term prescribed by law "without the possibility. of parole". ▇ Upon appeal from the judgment, he urged that the evidence did not disclose that the victim of the kidnaping had suffered "bodily harm" within the meaning of section 209 of the Penal Code so as to warrant the imposition of sentence "without possibility of parole". In our opinion, the evidence discloses that the victim did suffer "bodily harm" within the meaning of the cited code section, as the same was interpreted in *People* v. *Tanner,* 3 Cal. (2d) 279 [44 Pac. (2d) 324].

Though the point was not raised herein, this and two companion causes were taken over by this court after decision in the District Court of Appeal of the Second Appellate District, Division One, to permit us to determine whether an indictment drawn under said section must allege that the victim suffered bodily harm in order to support a sentence "without possibility of parole".

The circumstances surrounding the commission of the offense to which appellant entered his plea of guilty are sufficiently similar to those of the companion case, *People* v. *Britton,* Crim. No. 3933 (*ante,* p. 1 [56 Pac. (2d) 494]). this day decided, to warrant an identical conclusion. Therefore, upon the authority of the cited case, we are of the opinion that the trial court did not err in sentencing appellant for the time prescribed by law "without possibility of parole".

The judgment is affirmed.

Seawell, J., Langdon, J., Thompson, J., and Shenk, J., concurred.

CURTIS, J., Dissenting.—I dissent for the reasons set forth in dissenting opinion this day filed in case Crim. No. 3933, *ante,* p. 1.