[Crim. No. 3934. In Bank.—March 31, 1936.]

THE PEOPLE, Respondent, v. FLOYD C. BRITTON et al., Defendants; C. R. RUSSELL, Appellant.

Frederic H. Vercoe, Public Defender, and William B. Neeley and Ellery E. Cuff, Deputies Public Defender, for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

WASTE, C. J.—Appellant and several other named persons were informed against by the grand jury of Los Angeles County in an indictment containing nine counts. The appellant entered his plea of guilty to two charges of robbery and to one charge of kidnaping for the purpose of robbery therein contained. He concedes the correctness of the judgments entered upon the robbery counts, but appeals from the judgment on the kidnaping charge in so far as it sentences him to the state prison for the term prescribed by law "without the possibility of parole".

In substance, he urges that the court below was without authority to sentence him "without possibility of parole" for the asserted reason that the indictment fails to allege and the evidence fails to disclose that the victim of the kidnaping suffered "bodily harm" as required by section 209 of the Penal Code to warrant such sentence. We are satisfied that the evidence discloses that the victim suffered "bodily harm" within the meaning of section 209, as interpreted in *People* v. *Tanner*, 3 Cal. (2d) 279 [44 Pac. (2d) 324].

This and two companion causes were taken over by this court after decision in the District Court of Appeal of the Second Appellate District, Division One, in order that we might more fully consider whether the indictment, which was silent as to bodily harm having been suffered by the victim, sufficiently charged the offense of kidnaping for purpose of robbery to support a sentence "without possibility of parole."

Examination of the record satisfies us that the facts of this cause are not sufficiently dissimilar from those presented in the companion case, wherein appellant was also involved, *People* v. *Britton*, Crim. No. 3933 (*ante,* p. 1 [56 Pac. (2d) 494]), this day decided, to warrant any conclusion other than that announced in the cited case upon the issue having to do with the sufficiency of either the indictment or the evidence to support the judgment. Upon the authority of our decision in that case we are of the opinion that the two contentions here urged are without merit.

The judgment is affirmed.

Seawell, J., Langdon, J., Thompson, J., and Shenk, J., concurred.

CURTIS, J., Dissenting.—I dissent for the reasons set forth in dissenting opinion this day filed in case Crim. No. 3933, *ante*, p. 1.