[Crim. No. 2218. First Dist., Div. Two. Mar. 17, 1942.]

THE PEOPLE, Respondent, v. LESTER SCRANTON, Appellant.

Lester Scranton *in pro. per.* for Appellant.

Earl Warren, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

SPENCE, J.—Defendant made a motion to vacate a judg-

ment of conviction previously entered, under which judgment he had been sentenced to state prison. His motion was denied and he filed a written notice of appeal stating that he appealed "from the order denying defendant's substantial rights." We will assume for the purpose of this discussion that said notice of appeal was sufficient as a notice of appeal from the order denying defendant's motion to vacate the judgment of conviction.

In 1939, defendant entered a plea of guilty to a charge of burglary. The degree was fixed as second degree and defendant applied for probation. While defendant had not been charged with any prior convictions, he admitted on the hearing of his application for probation that in 1927 he had been convicted of the crime of attempt to commit burglary and had served a term therefor in the state prison at San Quentin and that in 1935, he had been convicted of the crime of burglary and had served a term therefor in the state prison at Walla Walla, Washington. The trial court nevertheless entered its order granting probation to defendant for a period of five years, and further ordered, as a condition of probation, that defendant be confined in the county jail for one year. Defendant was so confined in the county jail but after his release therefrom, he violated his probation and a motion was made for the revocation thereof. On April 25, 1941, a hearing was had and motion to revoke probation was granted. A judgment of conviction was entered on the same day sentencing defendant to the state prison. No appeal was taken from said judgment.

Defendant's motion to vacate said judgment was filed on November 5, 1941. It was stated therein that the motion was made upon the ground "That the trial court was without jurisdiction to sentence the defendant to the state prison by revoking a null and void order of probation and using null and void order of probation as basis for a valid judgment." Defendant's claim that the order granting probation was null and void was based upon the fact that he had suffered the above mentioned prior convictions and was therefore not entitled to probation. We may assume, without deciding, that the trial court erred in granting probation under the circumstances (Penal Code, section 1203), but it is difficult to understand how defendant was prejudiced by such alleged error or how he can now be entitled to any relief based upon the claim that he was erroneously granted favorable action

upon his own application for probation when he was not entitled to such favorable action.

We believe, however, that the complete answer to defendant's position on this appeal is that, upon the face of the record, neither the order granting probation, nor the order revoking probation, nor the judgment of conviction was void, and if defendant felt that any prejudicial error had been committed in the proceedings, he should have sought his remedy by an appeal from the judgment of conviction. He did not do so but long after the time for appeal from said judgment had expired, he made his motion to vacate said judgment. "Ordinarily a party who has a right to appeal from a judgment or order is not allowed to move to set it aside and then appeal from an order denying his motion." (8 Cal. Jur. 495, sec. 510; see, also, *People* v. *Zolotoff,* 48 Cal. App. (2d) 360 [119 Pac. (2d) 745]; *People* v. *Flohr,* 30 Cal. App. (2d) 576 [86 Pac. (2d) 862]; *People* v. *Simpson,* 41 Cal. App. (2d) 526 [107 Pac. (2d) 262]; *People* v. *Carkeek,* 35 Cal. App. (2d) 499 [96 Pac. (2d) 132].) While there are certain exceptional circumstances, as indicated in the cited cases, under which such a motion may be entertained by a trial court and an appeal will lie from an order of denial, we find nothing in the instant case showing such exceptional circumstances.

The order appealed from is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.