[Crim. No. 4363. Second Dist., Div. One. Aug. 25, 1949.]

THE PEOPLE, Respondent, v. PAUL LEE HOLT et al., Appellants.

Paul Lee Holt and Manuel Govia, in pro. per., for Appellants.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

WHITE, P. J.—On January 19, 1939, the District Attorney of Los Angeles County filed an information in the superior court wherein defendants were charged in count one with the crime of kidnapping for the purpose of robbery in violation of section 209 of the Penal Code, allegedly committed on or about December 21, 1938; that at the time of the commission of said offense the defendants were armed with a deadly weapon. Count two charged the defendants with the crime of robbery alleged to have been committed on or about December 21, 1938, and that defendants were armed with a deadly weapon. In count three defendants were accused of the crime of kidnapping for the purpose of robbery in violation of section 209 of the Penal Code, and that the defendants were armed with a deadly weapon. Count four charged the crime of robbery and alleged the defendants were armed with a deadly weapon. Count five alleged the commission by the defendants of the crime of kidnapping for the purpose of robbery, in violation of section 209 of the Penal Code, and that the defendants were armed with a deadly weapon. In count six defendants were accused of the crime of robbery and it was alleged that they were armed with a deadly weapon.

The information also charged each defendant with a prior conviction of a felony for which defendant Holt served a

term of imprisonment in a state prison, and defendant Govia in a state reformatory.

On January 23, 1939, defendants were duly arraigned and each entered a plea of not guilty to the offenses charged in counts one, three and five of the information. To the offenses charged in counts two, four and six each defendant entered a plea of guilty, admitted being armed with a deadly weapon at the time of the commission of the offenses, and also admitted the prior conviction as charged.

The court found the crimes charged in counts two, four and six to which defendants had pleaded guilty to be robbery of the first degree, pronounced judgment sentencing each defendant to state prison for the term prescribed by law, and directed that the sentences run consecutively.

Subsequently, on March 31, 1939, each defendant withdrew his plea of not guilty theretofore entered to count five of the information and entered a plea of guilty thereto. Each admitted being armed with a deadly weapon at the time of the commission of said offense. On motion of the district attorney counts one and three were dismissed in the interest of justice.

Prior to pronouncing judgment upon the last mentioned pleas of guilty to count five charging kidnapping for the purpose of robbery in violation of section 209 of the Penal Code, the court took testimony from the victim of the kidnapping and from defendant Govia. When, on April 4, 1939, the matter of pronouncing judgment and sentence as to count five was called, each defendant made a motion to withdraw the pleas of guilty entered as to counts two, four and six, and enter pleas of not guilty thereto. This motion was denied. The court, however, modified the prior order that the sentences pronounced on the last named three counts should run consecutively and directed that they be served concurrently.

As to count five, the court found that the person subjected to the kidnapping alleged therein suffered bodily harm and pronounced judgment sentencing each defendant to state prison for the term prescribed by law, directing that the sentences run concurrently with those theretofore pronounced on counts two, four and six. Having found that the person subjected to the kidnapping charged in count five had suffered bodily harm, the court directed that the imprisonment imposed under count five be served without possibility of parole (Pen. Code, § 209).

On January 19, 1949, defendants moved the trial court to annul, vacate, and set aside the portion of the judgment-sentence, to wit: "Without Possibility of Parole" as to count five (kidnapping for the purpose of robbery) of the information, on the ground that the court was without jurisdiction to impose sentences of life imprisonment without possibility of parole.

This motion was denied and from such order defendants prosecute this appeal.

The first ground urged for a reversal of the order is that count five of the information did not allege that the victim of the kidnapping, Donald Foltz, suffered bodily harm and that the court was therefore without jurisdiction to pronounce judgment and sentence of life imprisonment *without possibility of parole.*

It is now established law in this state that an indictment or information need only charge the essential elements of the statutory offense. When this is done the accused is fairly apprised of what he is called upon to meet at the trial. Except when the particular mode or means employed in the commission of a crime are of the essence thereof, they need not be alleged. The essence of the offense denounced by section 209 of the Penal Code as a felony is the seizing, confining, kidnapping, etc., of the victim. Where, as in the case now before us, it developed upon the plea of guilty that the victim suffered bodily harm the court was justified in the exercise of its discretion to fix the penalty at life imprisonment without possibility of parole. In the instant case the information charged the offense in the language of the statute. This was sufficient not only to inform appellants of the charge they were expected to meet but also, of the several punishments prescribed therefor, any one of which, upon conviction or plea of guilty, might be imposed upon them, depending upon the circumstances surrounding the commission of the offense (*People* v. *Britton,* 6 Cal.2d 1, 4, 5 [56 P.2d 494] ; *People* v. *Britton,* 6 Cal.2d 7, 8 [56 P.2d 497] ; *People* v. *Britton,* 6 Cal.2d 8, 9 [56 P.2d 493] ; *People* v. *Haley,* 46 Cal.App.2d 618, 624 [116 P.2d 498] ). Appellants' contention and argument that their situation is analogous to the situation presented wherein an increased punishment may not be imposed for a prior conviction unless the latter is alleged in the indictment or information charging the later substantive offense is answered by the Supreme Court in *People* v. *Britton, supra,* page 4.

 Appellants' second and final contention is that the victim of the kidnapping charged in count five did not suffer bodily harm. The clerk's transcript, however, discloses that following the pleas of guilty and prior to the pronouncement of judgment and sentence the court took testimony from the victim, Donald Foltz, and from appellant Govia. Subsequently, the court made its finding that the victim suffered bodily harm and in the exercise of its discretion denied to appellants the possibility of parole. No appeal was taken by either appellant from the judgment pronounced pursuant to the foregoing finding. A transcript of the testimony given by the foregoing witnesses has not been brought here on this appeal and our efforts to obtain one through an order directing the clerk of the superior court to furnish the same proved futile because of the length of time that has elapsed since the judgment and sentences were rendered. In the absence of an order of court to the contrary, a court reporter may destroy his reporting notes five years after the taking thereof (Code Civ. Proc., § 269a). In the instant case more than 10 years have now passed and the official reporter has destroyed his shorthand notes. Through no fault of their own, but equally through no fault of the prosecuting officials, appellants have been forced to appeal on a record of what amounts to a judgment roll. Under such circumstances it is the law that in support of the judgment, and in the absence of a contrary showing, this court must presume that evidence was introduced or appellants admitted that the victim of the kidnapping suffered bodily harm.

 In support of their contention that the victim did not suffer bodily harm appellants submit a letter dated October 24, 1946, signed by the victim, Donald Foltz, and addressed to the Governor of California. In this letter appears a statement by Mr. Foltz as follows: ". . . I will say that as far as I know I have suffered no bodily harm that could (be) trace(d) to either of their actions at the time they held me up, kidnapped and robbed me . . . My oppinions as the victim are unimportant other than the fact that I received no bodily injuries due to either of these men's actions on the ni*te* in question."

This letter was written approximately eight years after the commission of the crime and as its contents indicate, was written because the writer was informed that appellant Holt "is seeking executive clemency in the near future."

While such a communication might prove persuasive in an effort to obtain executive clemency, it can not aid appellants in this judicial proceeding. What the victim's state of mind as to whether he received bodily harm might be eight years after his kidnapping is not controlling. The court's finding was predicated in part on the testimony of the victim himself concerning the treatment received by him at the hands of appellants and whether he, eight years later, considered such treatment as having inflicted "bodily injuries" is immaterial.

There are other reasons which support the denial by the court of appellants' motion to vacate the judgment. Motions such as the one now under consideration must be made "within a reasonable time" after rendition of the judgment in order that they may be effective and within possibility of favorable action (*People* v. *Vernon,* 9 Cal.App.2d 138, 142 [49 P.2d 326]). In the case of *People* v. *Lumbley,* 8 Cal.2d 752, 761 [68 P.2d 354], it was said, "The untimely delay on the part of defendant in petitioning for the writ would have been sufficient grounds for denying it." In the case just cited the delay was shorter than in the present case. In the case now before us the delay amounted to almost 10 years and is wholly unexplained. This fact alone was sufficient reason for denying the motion (*People* v. *Hammond,* 22 Cal. App.2d 505, 506, 507 [71 P.2d 334] ; *People* v. *Shorts,* 32 Cal. 2d 502, 512 [197 P.2d 330] ; *People* v. *Krout,* 90 Cal.App.2d 205, 209 [202 P.2d 635]).

Furthermore, an appeal from an order made after judgment is not warranted where the judgment is not void on its face and when the same questions presented upon such appeal could have been fairly and properly raised in an appeal from the judgment. As was said in *People* v. *Scranton,* 50 Cal.App.2d 492, 494 [123 P.2d 132], quoting from 8 California Jurisprudence, section 510, page 495: " 'Ordinarily a party who has a right to appeal from a judgment or order is not allowed to move to set it aside and then appeal from an order denying his motion.' " Ordinarily a party who has a right to appeal can not forego that right, move to vacate and then appeal from the order denying his motion. There are of course certain exceptional circumstances as indicated in the cited cases, under which such a motion may be entertained by a trial court and an appeal will lie from an order of denial. No showing of such exceptional circumstances is made in the case now engaging our attention (*People* v. *Flohr,* 30 Cal.App.2d 576, 579 [86 P.2d 862] ; *People* v. *Scranton,*

*supra*; *People* v. *Spalis*, 56 Cal.App.2d 869, 874 [133 P.2d 679]; *People* v. *Montgomery*, 51 Cal.App.2d 444, 446 [125 P.2d 108]).

The order appealed from is affirmed.

Doran, J., and Drapeau, J., concurred.