[Crim. No. 4363.   Second Dist., Div. One.   Dec. 8, 1949.]

THE PEOPLE, Respondent, v. PAUL LEE HOLT et al.,
Appellants.

Paul Lee Holt and Manuel Govia, in pro. per., for Appellants.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

WHITE, P. J.—Appellants have filed in this court a "Notice of Motion to Recall and Correct the *Remittitur*" issued in the case of *People* v. *Holt,* 93 Cal.App.2d 473 [209 P.2d 94].

The motion is based on the claim that "the *remittitur*" was issued through inadvertence, mistake of fact, and an incomplete knowledge of all the circumstances of the case on the part of the court, and has resulted in a miscarriage of justice." No contention is made that fraud was practiced on the court by anyone.

Appellants' motion is apparently grounded upon the fact that when the decision was filed in the case of *People* v. *Holt, supra,* a transcript of the testimony given by witnesses in the trial court as to bodily injury allegedly suffered by the victim of the kidnapping was not before us and that our efforts to obtain one through an order directing the clerk of the superior court to furnish the same proved futile because of the length of time (more than 10 years) that had elapsed since the judgments and sentences were rendered. Appellants have now provided us with a transcript of the proceedings had at the time judgments and sentences were pronounced and which transcript was, following the pronouncement of such judgments and sentences, forwarded to and since has been in the possession of the prison authorities.

We are persuaded that appellants' motion in the instant case is not the form of remedy available for the correction of the type of error of which they complain. To afford a proper ground for recall and correction of the remittitur, a mistake of fact, inadvertence, or incomplete knowledge on the part of the appellate court resulting in prejudicial error or a miscarriage of justice must be shown. (*In re Rothrock,* 14 Cal.2d 34, 38, 39 [92 P.2d 634].) In the instant case, this court merely followed the rule that in support of the judgment and in the absence of a contrary showing, it was required to presume that evidence was introduced or appellants admitted that the victim of the kidnapping suffered bodily harm (*People* v. *Holt, supra,* pp. 477-478). Manifestly, the record reflected no mistake of fact, inadvertence, or incomplete knowledge which would support a motion to recall and correct a remittitur.

However, in the case now under consideration, the transcript furnished us by appellants is not helpful to their contention that any prejudicial error or miscarriage of

justice occurred by reason of the finding of the trial court that the victim of the kidnapping suffered bodily harm. On the contrary, the transcript supports such a finding. The record of the proceedings had in the trial court as produced by appellants shows that the victim was forced out of his cab, made to take off his jacket, had his hands and arms tied, and his boots and trousers removed, his wrists were tied behind him, and then his elbows were tied together behind and his feet tied at the ankles. Then he was tied to a tree with his ankles raised approximately 6 or 8 inches off the ground. The appellants put a handkerchief into his mouth, placed a scarf around his face and tied it tight. In addition, one of the appellants struck the victim in the mouth and on the cheekbone with his fist. The victim was struck sufficiently hard on the mouth that his lips bled and his blood appeared on the handkerchief stuffed into his mouth, which handkerchief was later introduced into evidence. In addition, one of the appellants again struck the victim before they drove away. Also, the appellants projected a shotgun against the ribs of the victim. It would challenge credulity and do violence to reason to assume that the victim of such acts did not suffer bodily harm.

Convinced as we are that the decision of this court in *People* v. *Holt, supra,* was not improvidently made, upon a false suggestion, or under a mistake as to the facts of the case, and being further convinced that such decision did not result in prejudicial error or a miscarriage of justice, it follows that appellants' motion to recall the remittitur issued therein must be denied. It is so ordered.

Doran, J., and Drapeau, J., concurred.