[Crim. No. 767. Fourth Dist. Apr. 21, 1952.]

THE PEOPLE, Respondent, v. ROLAND CLYDE ETTER, Appellant.

Roland C. Etter, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

GRIFFIN, J.—On November 25, 1946, defendant was charged with four felony counts, two of burglary and two of robbery. The information further charged him with a prior felony conviction. The record shows that on December 3, 1946, defendant was duly arraigned in the superior court, with his counsel present, presented with a true copy of the information, and that he entered a plea of guilty to the four counts of the information. Probation was denied. Judgment and sentence were pronounced, committing him to the state's prison, sentences to run consecutively on all counts, and concurrently on the prior felony conviction. No motion for a new trial was made nor was any appeal taken. On October 29, 1951, more than four years later, defendant filed a "Notice of Motion to . . . vacate . . . the judgment," and set November 19, 1951, as the date for hearing thereon and asked that an order be made allowing him to be personally present at the hearing. No request was made to the court to appoint counsel to represent him. Defendant, in propria persona, filed his points and authorities, accompanied by a transcript of the charges and the reporter's transcript of the preliminary examination, together with his own affidavit setting forth the alleged facts, in which he recites that the trial court was without jurisdiction in the original proceeding in the superior court to render judgment against him because he entered no plea to the four felonies charged, either at the preliminary hearing or at the time of arraignment in the superior court, and that accordingly the judgment under which he was sentenced was null and void and should be set aside, citing *Price* v. *Johnston,* 334 U.S. 266, 280 [68 S.Ct. 1049, 92 L.Ed. 1356] ; sections 859a and 988, Penal Code; article I, sections 8 and 13, Constitution of California; and Fourteenth Amendment to the Constitution of the United States.

Defendant concedes in his motion that a preliminary hearing was had and that he was held to answer to the

superior court on the charges. (He claims, however, he entered no plea before the committing magistrate.) He further argues that at the time of his sentence, he was not informed by his counsel that he had a right of appeal, and that he was ignorant of such right.

The court denied defendant's request to be present at the hearing of the motion on the grounds "that the presence and testimony of the defendant will not be material or necessary to the proper presentation of defendant's motion." On November 19, the court heard the motion, predicated on the record prepared by defendant, and the clerk's transcript, all of which, including the reporter's transcript of such proceedings, are now before this court on an appeal from the order denying the motion to set aside the judgment. The clerk's transcript shows, by minute entry of the clerk, that on December 3, 1946, defendant appeared with his counsel; that he was duly arraigned, and "enters a plea of guilty to the four counts of the information" and applies for probation. The commitment recites that "defendant was duly informed by the court of the nature of the charges against him for the crime of burglary, first degree; burglary, second degree; robbery, first degree; robbery, first degree; and a prior felony"; and that he be punished by imprisonment in the state prison, sentences to run consecutively on all counts and concurrently on the prior felony.

No question can here be raised as to whether defendant did or did not enter a plea of guilty before the committing magistrate since the record shows and defendant alleges that he was held to answer to the superior court where he was duly arraigned on those four charges.

It should be here noted that defendant does not allege nor claim that in truth or in fact he did not enter a plea of guilty to the four charges on December 3, 1946, but only alleges that the record, on that date, does not show that he did so. We have considered only this question, as presented. The record itself is opposed to this allegation and from the showing made, no testimony from defendant, had he been present to testify, would have altered the record or the finding of the court that defendant did enter a plea of guilty to the four charges. Under the circumstances, the trial court was justified in proceeding with the motion, in the absence of the defendant, and in denying it. (*People* v. *Coyle,* 88 Cal.App.2d 967 [200 P.2d 546]; *People* v.

*Bailey,* 105 Cal.App.2d 150, 153 [232 P.2d 518]; *People* v. *Kirk,* 76 Cal.App.2d 496, 498 [173 P.2d 367].)

The form of the motion is in the nature of a *coram nobis* proceeding, although not designated as such. (*People* v. *Adamson,* 34 Cal.2d 320, 326 [210 P.2d 13].) The rules applicable to such a proceeding are well stated in *People* v. *Coyle, supra,* which holds that a writ of error *coram nobis* cannot be used to review matters which could be considered on appeal or on a motion for a new trial, and that one who applies for a writ of error *coram nobis* upon a ground such as the one here presented must show that the facts upon which he relies were not known to him and could not, in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise, he has stated no ground for relief.

In *People* v. *Thompson,* 94 Cal.App.2d 578, 586 [211 P.2d 1], it was held that whether a judgment of conviction is void because defendant was never arraigned or because his plea was not properly taken or entered, are matters which are not reviewable in a proceeding for the issuance· of a writ of error *coram nobis.* Since defendant was represented by counsel, his argument that he was ignorant of his right of appeal and therefore entitled to the relief prayed for after four years of delay in raising the question, is without merit. (*People* v. *James,* 99 Cal.App.2d 476 [222 P.2d 117]; *People* v. *Scranton,* 50 Cal.App.2d 492 [123 P.2d 132].)

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.