[Crim. No. 1849.   Third Dist.   Jan. 27, 1944.]

In re HARRY KNIGHT on Habeas Corpus.

A. Brigham Rose for Petitioner.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

ADAMS, P. J.—Petitioner herein was convicted in Los Angeles, October 8, 1940, of the crime of robbery of the first degree and assault with a deadly weapon, and was sentenced to imprisonment in the State Prison. Seeking his release from such imprisonment by writ of habeas corpus, he contends that his conviction was obtained by the use of the testimony of one Alvin M. Cowart, whose testimony was perjured and was known by the prosecuting attorneys to be false at the time it was presented. The petition is accompanied by copies of affidavits of Roy Galbraith, a witness at the original trial, dated May 22, 1943, Selma K. Ellner, who was petitioner's attorney at one stage of the proceedings prior to his trial, dated May 18, 1941, Alvin M. Cowart, dated October 1, 1940, and Tom O'Brien, a Deputy Sheriff of Los Angeles County, dated October 27, 1943.

The writ having issued, respondent Clyde I. Plummer, Warden of Folsom Prison, filed herein an answer and return denying that the testimony of Cowart given at Knight's trial was false, or that it was given under duress, coercion, fraud or promise of reward. Said answer is supported by the affidavit of George H. Johnson, a Deputy District Attorney of Los Angeles County, who was in charge of the prosecution of Knight, the original of which affidavit has been filed herein, in which affiant alleges that at no time was it suggested to Cowart by him or by anyone with his knowledge or consent, what Cowart's testimony should be, nor were any threats or promises made to Cowart either in connection with his testimony or otherwise.

To this answer petitioner has filed a traverse which consists of an affidavit by petitioner, dated November 1, 1943, in which he sets forth in argumentative form his version of the circumstances attending the commission of the crime of which he stands convicted, copies of the same affidavits of Roy Galbraith, Selma K. Ellner and Alvin M. Cowart which were attached to the original petition, the original of the affidavit of Tom O'Brien, copy of which was attached to the original petition, the affidavit of A. Brigham Rose, petitioner's attor-

ney, who attacks the fairness of Knight's trial in the trial court and the review thereof by the District Court of Appeal of the Second District (*People* v. *Knight,* 44 Cal.App.2d 887 [113 P.2d 226]), and an affidavit of one Braulio Galinto, an inmate of Folsom Prison, dated November 1, 1943.

There has also been filed in this court, in this proceeding, the entire reporter's transcript in *People* v. *Knight,* and a transcript of the proceedings on said defendant's motion for a new trial. This latter transcript shows that in support of his motion for a new trial Knight presented and relied upon the same affidavit of Cowart which is presented in support of the petition before us. It also shows that in opposition to the said motion for a new trial the affidavits of George H. Johnson, Alfred S. Colgrove and Daniel Beecher, Deputy District Attorneys of Los Angeles County, were filed, together with a statement made by Cowart in the district attorney's office in Los Angeles on September 18, 1940; also an affidavit of the chief clerk of the district attorney's office relative to payments made to Cowart as a witness at the trial of Knight, and affidavits of Ray L. Marchant, Glenn Lamkin, Samuel Angier and Earl Gilmore, Deputy Sheriffs of Los Angeles County. No other evidence was offered.

Considering first the affidavits presented by petitioner in support of his petition, that of Knight himself consists of nothing more than an argument that he was not guilty of the offense charged. It throws no light upon the matter relied upon to secure his release, to wit, that his conviction was the result of perjured testimony, which testimony was known to be false by the prosecuting attorneys who convicted him.

The affidavit of Galbraith also presents nothing in support of the petition herein, but only alleges matters tending to discredit the testimony of Kast, the victim of the robbery. Kast's veracity was a matter for the jury. The affidavit of Selma K. Ellner furnishes nothing but a purported statement made to her by Cowart prior to the trial which is inconsistent with his testimony there given. This same statement was read at the trial in cross-examination of Cowart by Knight's present counsel, and Cowart at that time testified that this statement had been induced by promises that he would be "taken care of" if he made it, and that it was untrue.

The affidavit of Tom O'Brien alleges that two deputy sheriffs who worked in the township in which Knight resided

disliked Knight because it was known that he had been convicted of murder, and had been proceeded against in the justice's court of said township, and that on May 14, 1940, one of said deputies had said that the next time they would "book" Knight "by fair means or foul"; also that the deputies who "worked up the case" against Knight were prejudiced against him, and that the reputation of one of them, Angier, was that "you wouldn't believe him under oath." This affidavit also has nothing to do with the question now before this court, and throws no light on whether Cowart's testimony was perjured or that it was known to the prosecuting attorneys to be false. Angier was a witness at the trial and his veracity was not then put in issue.

The affidavit of A. Brigham Rose, petitioner's counsel, avers that prior to the preliminary hearing of Knight and Cowart in the justice's court, the "co-defendant" informed affiant that Knight was innocent of the charge. The remainder of his affidavit consists mainly of assertions as to the alleged unfairness of Knight's trial, the alleged misconduct of the prosecuting attorney, and a charge that on appeal the justice who wrote the opinion was prejudiced against affiant, and that therefore Knight was deprived of fair consideration on said appeal. Except for this affiant's allegation that Cowart stated before the trial that Knight was innocent, this affidavit contains nothing pertinent or persuasive in support of the petition before us, and much of it is entirely improper. Obviously the alleged statement made to this affiant by Cowart was known to affiant before Cowart testified at the trial, but we find no reference to it in the record, and Cowart was not asked about it on cross-examination by this affiant. Also it is not alleged that the prosecution was informed of such statement prior to the trial.

As for the affidavit of Cowart himself, in which he alleges that Knight was not implicated or involved in the robbery or assault, and that his testimony at the trial was untrue and was "inspired at the insistence and solicitation" of the Deputy District Attorney George Johnson and Deputy Sheriffs Angier and Lamkin—that they suggested the testimony he gave at the trial, under threat that if he did not so testify they would send him to San Quentin or keep him in jail, and that the office of the district attorney "as an inducement for my false testimony, gave me six checks" which approximated $100, this

affidavit is dated October 1, 1940, and, as the record before us shows, was used by defendant and his present counsel on motion for a new trial. The circumstances under which it was made do not appear; but the counteraffidavits filed herein indicate that it was secured by means which strongly tend to discredit it. Also the trial court, which had heard the testimony of this witness at the trial, apparently was not impressed by it when it was presented on motion for a new trial; and it is significant that on his appeal petitioner raised no point about the denial of his motion for a new trial.

As for the affidavit of Braulio Galinto that he committed a robbery in connection with two persons occupying premises such as those where the robbery of which Knight was convicted occurred, that he saw Knight there, but that affiant, and not Knight, committed the robbery, it is not pertinent to the issues here presented and furthermore we find said affidavit unworthy of credence.

Assuming on the authority of cases cited by petitioner that a proceeding by way of petition for a writ of habeas corpus is an appropriate one to afford him an opportunity to prove that his conviction was secured by means of perjured testimony knowingly used at his trial (*Mooney* v. *Holohan,* 294 U.S. 103 [55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406]; *Pyle* v. *Kansas,* 317 U.S. 213 [63 S.Ct. 177, 87 L.Ed. 214]; *Waley* v. *Johnston,* 316 U.S. 101 [62 S.Ct. 964, 86 L.Ed. 1302]), nevertheless in this proceeding the burden is upon petitioner to establish by a preponderance of the evidence the truth of the allegations of his petition. (*In re Mooney,* 10 Cal.2d 1, 15 [73 P.2d 554].). A presumption of regularity applies to the judgment of the trial court when it is attacked on habeas corpus, and the writ may not be used to serve the purposes of an appeal. (*In re Connor,* 16 Cal.2d 701 [108 P.2d 10]; *Frank* v. *Mangum,* 237 U.S. 309 [35 S.Ct. 582, 59 L.Ed. 969].)

We are of the opinion that petitioner has failed to show that he was convicted upon perjured testimony, or, if Cowart's testimony was perjured, that it was knowingly employed by the prosecution, as is charged. It is not the province of the writ of habeas corpus to retry issues already passed upon by the trial court and reviewed by the District Court of Appeal. Giving the affidavits filed by petitioner their fullest weight, he has not sustained the burden of proof cast upon him in this proceeding. His allegations are denied

by the affidavit of George H. Johnson, Deputy District Attorney in charge of the prosecution of Knight, and by the seven other affidavits which were presented on petitioner's motion for a new trial. These affidavits deny that any suggestions, promises or threats were made to Cowart to influence his testimony. They also present a statement made by Cowart prior to the trial in which he identified Knight as the person who committed the robbery and assault of which he was convicted, and in which he asserted that he was not making his statement because anyone had threatened him, or made him any promises. The affidavit of Ray L. Marchant, an employee of Knight at the place of the robbery and assault, states that Cowart on several occasions prior to and after the trial stated to him that Knight was the guilty party. The two deputy sheriffs charged by Tom O'Brien with having threatened to "book" Knight, also deny that any threats or promises were made to influence Cowart's testimony.

Petitioner has failed to show that at his trial he was not accorded due process of law. He has not shown by any substantial or credible evidence that the testimony given by Cowart at the trial was false, and he has signally failed to show, if such testimony was, in fact, false, that its falsity was known to the officials who prosecuted him. He apparently presents nothing bearing upon his contention that he was convicted on perjured testimony that was not known to him and his counsel at the time he made his motion for a new trial; and he did not see fit to rely thereon on his appeal from his conviction, or even raise such question on his appeal. Also, as was stated by the appellate court, there was ample evidence in the record to convict defendant, other than the testimony of Cowart.

The writ is discharged and the prisoner is remanded.

Schottky, J. pro tem., and Thompson, J., concurred.

A petition for a rehearing was denied February 10, 1944.