[Crim. No. 3981. Second Dist., Div. Two. Mar. 13, 1946.]

THE PEOPLE, Respondent, v. HARRY KNIGHT, Appellant.

Harry Knight in pro. per. for Appellant.

Robert W. Kenny, Attorney General, and L. G. Campbell, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant having been convicted at Los Angeles in 1940 of robbery with a deadly weapon, with a prior conviction of murder, his appeal was affirmed by this court May 19, 1941. (44 Cal.App.2d 887 [113 P.2d 226].) Two years after such affirmance he petitioned the Third District Court of Appeal for a writ of habeas corpus on the ground that his conviction had been obtained by the use of perjured

testimony. His petition was denied on January 27, 1944, and a hearing was duly denied by the Supreme Court on February 10, 1944. (62 Cal.App.2d 582 [144 P.2d 882].) On August 13, 1945, he filed his "Motion, In the Nature of the Writ of Error Coram Nobis." It was heard by the court below and denied October 2, 1945. This appeal is from such denial.

The motion was accompanied by an ex parte affidavit of attorney Paul Tapley which sets forth a statement allegedly made to him on April 19, 1941, by one Braulio Galindo, a fellow inmate of appellant in Folsom penitentiary. Galindo thereby purportedly confessed that he is the party who on June 24, 1940, committed the crime for which appellant had been convicted. ■ An extrajudicial confession is weak enough when made before an officer empowered to administer the oath, but when voluntarily reported by a person to whom it was voluntarily made it does not rise to the dignity of a legal document worthy of serious consideration. Moreover, in this instance whatever value the "confession" may have had in the service of appellant it was already stale when Tapley deposed before the notary on March 6, 1944.

■ Further to support the motion, on the day of the argument attorney A. Brigham Rose presented his own affidavit to "amplify and supplement the moving papers." By this document the affiant attempted by a review of the incidents occurring at the trial of appellant to show that the latter did not have a "fair and impartial trial." It is averred that appellant was prejudiced by the questions of the prosecuting attorney repeatedly propounded to the prospective jurors on their voir dire examination; that appellant's acting counsel "by the form of plea interposed" made the prior conviction of appellant for murder " the important subject of inquiry"; that appellant was "deprived of procedural due process" by failure of his former counsel to advise him with respect to his "admission or denial of a prior conviction," and the legislative safeguards for the protection of appellant's rights "were frittered away"; that appellant was prejudiced by the opening statement of the district attorney that he expected to prove that "defendant had boasted of killing some 16 or 18 people," in that it made the subject of prior conviction "the important issue in the case before the jury had even been selected"; that the victim of the robbery immediately after the crime "failed to hint, suggest or identify the defendant . . . as the perpetrator of the crime but . . . described a person then and

there who bears resemblance to . . . confessor Braulio Galin-do''; that the court gave not the slightest consideration to the testimony of deputy sheriff Burroughs, a state's witness who arrvied at the scene of the robbery within a few minutes after the robbery. From such averments it is apparent that the grievances of appellant were matters commonly adjudicated by the proceedings on motion for new trial or on appeal and that appellant misconceived the office of the writ which he sought to obtain from the court below, as will presently appear.

■ The writ of error *coram nobis* will not relieve a petitioner from the consequences arising after judgment of conviction. (24 C.J.S. 147, 149.) Neither is it available to one who discovers new evidence pertaining to the merits of the issues already adjudicated; nor will it lie where another adequate remedy is provided. ■ The use of this writ is limited to those situations in which the remedies provided by statute such as motions for new trial and arrest of judgment, appeal, and motion to recall remittitur are not available. (*People* v. *Superior Court,* 28 Cal.App.2d 442, 444 [82 P.2d 718] ; *People* v. *McConnell,* 20 Cal.App.2d 196, 198 [66 P.2d 720].) ■ It is used by the court which rendered the judgment under attack to grant relief from oppression to which the petitioner may have been subjected by the application of duress, fraud or excusable mistake which if known at the time of the trial would have prevented entry of such judgment. (*People* v. *Reid,* 195 Cal. 249 [232 P.457, 36 A.L.R. 1435].) A popular illustration of its use is that of a prisoner who by duress of the law enforcement officer has been urged to plead guilty and be transported to the state prison as his only means of forestalling mob violence. (*People* v. *Lyle,* 21 Cal.App.2d 132, 136 [68 P.2d 378] ; *People* v. *Perez,* 9 Cal. App. 265 [98 P. 870].) ■ It may supplement but not supersede or be substituted for the statutory methods of correcting unjust judgments in criminal actions. (*Asbell* v. *State,* 62 Kan. 209 [61 P. 690].) ■ It cannot serve the office of bringing before the trial court evidence of a fact that existed at the time of the trial (*Powers* v. *State,* 168 Miss. 541 [151 So. 730]), inasmuch as such evidence can be brought to the attention of the court by motion for a new trial. (*People* v. *Lumbley,* 8 Cal.2d 752, 759 [68 P.2d 354].) Nothing is specified in the Rose affidavit that could not have been presented on appellant's motion for a new trial. Its contents

might have been made the subject of special instructions to the jury and presented in arguments to the court for a mistrial or on his motion for a new trial.

The attempt to make use of the writ of error *coram nobis* in the manner undertaken by appellant is wholly unjustifiable. The order is affirmed.

McComb, J., and Wilson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 11, 1946.