[Crim. No. 576.   Fourth Dist.   July 10, 1946.]

THE PEOPLE, Respondent, v. EDISON R. HIGHTOWER, Appellant.

Edison R. Hightower, in pro. per., for Appellant.

Robert W. Kenny, Attorney General, and L. G. Campbell, Deputy Attorney General, for Respondent.

MARKS, J.—This is an appeal from an order denying defendant's petition for a writ of error *coram nobis*. Petitioner is appearing here in propria persona. The petition prepared by him is confused and confusing. If we have analyzed it correctly it presents three grounds on which he hopes to obtain the relief asked. They are: (1) Alleged errors in admitting in evidence a pistol supposed to have been used by petitioner in perpetrating the armed robbery of which he was convicted; (2) Failure of his counsel to object to the introduction of certain evidence during his trial and to move to strike out other evidence; (3) Failure to compel the attendance at his trial of three witnesses who he seems to believe would have supported his defense of an alibi.

The trial judge was most considerate of petitioner and very patient at the hearings on the petition. He ordered him returned from the penitentiary to present his arguments.

When petitioner first appeared at the hearing the trial judge appointed counsel for him who had represented him in other matters and then continued the hearing. When the petitioner with this attorney again was before the court it appeared that this attorney thought it best not to represent him. The reason for this may have been suggested in the following remarks of petitioner: ''To be honest with you, Your Honor, I was in hopes after talking to me, that you could get somebody to represent me properly who believed that I had a chance, as I believe that I have.''

Another attorney was appointed, the hearing was continued. At the next hearing it appeared that this attorney was not satisfactory to petitioner and that he hoped to be able to secure the services of a third attorney. The hearing was again continued with the statement of petitioner concerning the third attorney, that ''If he fails to represent me, I will submit my case without argument.''

Petitioner again appeared, without counsel, and submitted the matter for decision. The trial judge stated that the shorthand notes of the trial had been read to him by the reporter; that he was satisfied that the trial of petitioner had been fair and impartial; that there was nothing to be done except to deny the petition.

The petition for a writ of error *coram nobis* cannot be used as a substitute for a motion for new trial or an appeal. All questions presented by the petition were reviewable on a motion for new trial, or on appeal, so there was nothing before the trial court, and there is nothing before us to justify the issuance of the writ. (*People* v. *Knight,* 73 Cal.App.2d 532 [166 P.2d 899].)

The order denying the writ is affirmed.

Barnard, P. J., concurred.