[Crim. No. 645.   Fourth Dist.   Oct. 15, 1946.]

THE PEOPLE, Respondent, v. HARRY ALBERT KIRK, Appellant.

Harry Albert Kirk, in pro. per., for Appellant.

Robert W. Kenny, Attorney General, Alberta Gattone, Deputy Attorney General, and Jerome B. Kavanaugh, District Attorney, for Respondent.

MARKS, J.—This is an appeal from an order denying a petition for a writ of error *coram nobis*.

Defendant seeks reversal of the order on three grounds: (1) That the clerk's transcript on appeal (the only transcript before us) is defective in that it is not certified to by the trial judge. (2) That the trial court abused its discretion in failing to order defendant's return from Folsom Penitentiary, where he was confined, to present and argue his petition as he was appearing in propria persona. (3) That the trial judge abused his discretion in denying the petition because it was established by an uncontradicted affidavit that defendant's conviction was secured through the perjured testimony of one Harry J. Baker at the solicitation and with the knowledge and connivance of the District Attorney and Sheriff of San Bernardino County. We will consider the questions presented in the order stated.

As filed here, the clerk's transcript did not contain any certification by the trial judge as required by subdivision (c) of rule 35 of Rules on Appeal. Such certification was necessary under the rule, assuming there were no proposed cor-

rections served and filed as stated by the attorney general. Defendant is the moving party, and the appellant, and a defective record cannot aid his cause. However, as he is confined in prison and cannot conveniently secure the correction, this court has had the proper certificate attached to the transcript.

The decision of the question of returning a person confined in a penitentiary, to court, to argue a petition for a writ of error *coram nobis,* should be within the sound discretion of the court in which it is to be heard. We find no breach of discretion in the ruling on this matter. Our reasons for this conclusion will appear in our discussion of the next question.

The third question argued presents other problems. It seems settled that a defendant is entitled to a review by independent process of the proceedings resulting in his conviction, ". . . if a state has contrived a conviction through the pretense of a trial which in truth is but used as a means of depriving a defendant of liberty through a deliberate deception of court and jury by the presentation of testimony known to be perjured." (*Mooney* v. *Holohan,* 294 U.S. 103 [55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406].) Whether this review should be by means of a writ of error *coram nobis* or through a writ of habeas corpus does not seem so clear (*Mooney* v. *Holohan, supra*; *People* v. *Mooney,* 178 Cal. 525 [174 P. 325] ; *In re Mooney,* 10 Cal.2d 1 [73 P.2d 554] ; *In re Knight,* 62 Cal.App.2d 582 [144 P.2d 882]), although these decisions seem to indicate that the writ of habeas corpus is the preferred remedy in a case like the one before us. However, we will assume, without holding, that the petition for a writ of error *coram nobis* may be available to defendant.

In defining some of the functions of the writ of error *coram nobis* in *People* v. *Mooney, supra,* the Supreme Court quoted the following from Freeman on Judgments:

" 'But this writ does not lie to correct any error in the judgment of the court nor to contradict or put in issue any fact directly passed upon and affirmed by the judgment itself. If this could be, there would be no end of litigation. . . . The writ of error *coram nobis* is not intended to authorize any court to review and revise its opinions; but only to enable it to recall some adjudication made while some fact existed which, if before the court, would have *prevented the rendition of the judgment;* and which without fault or negligence of the party, was not presented to the court.' (1 Freeman on Judgments, sec. 94.) The italics are ours."

It seems to be thoroughly settled that "To entitle the defendant to relief by way of the writ of error *coram nobis* he must show that some fact existed which, without any fault or negligence on his part, was not presented to the court at the trial on the merits, and which if presented would have prevented the rendition of the judgment. (*People* v. *Gilbert*, 25 Cal.2d 422, 442 [154 P.2d 657].)" *People* v. *Mendez*, 28 Cal.2d 686 [171 P.2d 425]. With these rules in mind we must examine the record presented by defendant to determine if he has made any showing to entitle him to the use of this extraordinary remedy.

In his notice of motion, or petition for a writ of error *coram nobis*, defendant specifies, as grounds for issuing the writ, several alleged errors of law occurring at his trial. We will give no further attention to these alleged errors as they were reviewable on a motion for new trial or on appeal, and can furnish no ground for issuing the writ. The petition for a writ of error *coram nobis* cannot be used as a substitute for a motion for new trial or an appeal. (*People* v. *Knight*, 73 Cal.App.2d 532 [166 P.2d 899]; *People* v. *Hightower*, 75 Cal.App.2d 298 [170 P.2d 490].)

Harry J. Baker was accused of the murder of James Winn. He was tried and convicted of murder in the first degree in 1925. He was a witness in his own behalf.

In 1941, defendant was arrested and charged with the murder of the same person. He was convicted of murder in the first degree and sentenced to life imprisonment. Baker appeared as a witness for the People at this trial.

The two met in Folsom Penitentiary in 1944, when defendant learned for the first time that Baker had changed his testimony in the Kirk trial from that given at the Baker trial; that Baker claimed he had done this at the suggestion and on the insistence of the District Attorney of San Bernardino County, and promises that the district attorney and sheriff of that county would assist Baker in securing a parole, and under threats of death by the sheriff if he (Baker) did not change his testimony and testify against Kirk in accordance with the story outlined to him by the district attorney; that he did so testify falsely against Kirk. This is supported by an affidavit made by Baker.

These are serious charges, but the weight to be given them is affected by the character of the witness making them. This witness is a convicted murderer who would have us

believe he is also guilty of deliberate and wilful perjury. It might be questioned if charges made by a person of such base character were sufficient to overcome the presumptions set forth in subdivisions 1, 15 and 33 of section 1963 of the Code of Civil Procedure and sustain the attack made on two officials with well known records of long and honorable service. At least this should be considered a question of fact for the trier of fact. However, we do not need to base our affirmance of the order solely on that ground.

Brief extracts from the records of the Baker and Kirk trials are before us. These show that there are but two variances in the testimony of Baker. During his own trial he testified that Kirk drove an automobile evidently used in connection with the killing and that Kirk changed both license plates on the car. During the Kirk trial he testified that he (Baker) drove the automobile and that he changed one license plate and Kirk the other. Nowhere in the record before us does Kirk deny his complicity in the murder of Winn nor claim his innocence of the crime of which he was convicted.

What possible difference there would have been in the result of the Kirk trial had it appeared that Kirk, instead of Baker, drove the automobile, or that the two men, instead of one of them, changed the license plates, is not made to appear. So far as we can determine, the change in Baker's testimony was on immaterial points and could not have influenced the jury in finding Kirk guilty. There is nothing to indicate that if Baker had testified in the Kirk trial, strictly in conformity with his evidence in his own trial, that it would have prevented the verdict and judgment against Kirk. Thus, the showing made here is entirely insufficient to permit the disturbing of the judgment against Kirk. (*People* v. *Mendez, supra.*)

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 14, 1946.