[Crim. No. 979. Fourth Dist. Jan. 5, 1955.]

THE PEOPLE, Respondent, v. PHILIP CEDRIC MacFADDEN, Appellant.

Philip Cedric MacFadden, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

BARNARD, P. J.—This is an appeal from an order denying a motion to vacate the judgment, in effect an application for a writ of error *coram nobis*.

The defendant was charged with a violation of section 288a of the Penal Code, alleged to have been committed on or about September 18, 1951. He was represented by the public defender, and pleaded guilty on October 11, 1951. In connection with sexual psychopath proceedings he was placed for a time in Norwalk State Hospital for observation, report and recommendation. The hospital reported to the court that in the opinion of the hospital staff the defendant would not benefit by treatment in a state hospital, and it was recommended that he be placed in a penal institution. On February 15, 1952, judgment was pronounced sentencing him to imprisonment in the state prison for the term prescribed by law. No motion for a new trial was made and no appeal was taken from the judgment.

A purported petition for "Writ of Error" was filed by the appellant in May, 1954, which was denied on May 21, 1954. On June 7, 1954, a motion to vacate the judgment was filed. The matter was set for hearing for August 20, 1954, and the court appointed the public defender to represent the defendant. The matter was submitted, on the pleadings and the affidavits and counteraffidavits which had been filed, and the motion was denied on August 27, 1954. The defendant filed notice of appeal from the judgment entered on February "18," 1952; from "the denial of a writ of error rendered" on May 21, 1954; and from "a second final judgment also rendered . . . on August 20, 1954 upon the same Writ of Error (Coram Nobis)."

It is somewhat difficult to segregate and identify definite contentions from the mass of irrelevant and immaterial matter which the appellant has presented and asked the court to consider on this appeal. To the best of our understanding he contends, with respect to the original trial and judgment, that the information was invalid in that it was not specific as to date and place because it alleged that the offense was committed "on or about September 18, 1951, in the County of Riverside"; that the evidence was not sufficient to support the judgment; that the court was without jurisdiction to sentence him to prison since no evidence was presented as a defense to the charge; that the record falsely states that the court instructed him as to his rights at the time of the arraignment; that he was denied the right to speak out in protest at the time he was sentenced; that the court had no power to try the defendant without proceeding at the same time against the other party to the incident in question;

that two different judges could not act at different stages of the proceedings; that he was improperly sentenced, being merely sentenced "for the term prescribed by law" without the judge stating that he found the defendant guilty of the offense charged; and that he was improperly persuaded by the public defender to enter a plea of guilty.

Most of these matters are entirely unsupported by the record and, aside from other considerations, could have been raised on a motion for a new trial or by an appeal. It is well settled that:

"The writ of error *coram nobis* never issues to correct an error of law, nor to redress an irregularity occurring at the trial that could be corrected on motion for new trial or by appeal. It is issued to correct an error of fact, existing at the time of trial but unknown to the trial court through no fault of the petitioner, and which fact, had it been known, would have resulted in a different judgment, or would have prevented the rendition of the challenged judgment." (*People* v. *Martinez*, 88 Cal.App.2d 767 [199 P.2d 375]; *People* v. *Kirk*, 76 Cal.App.2d 496 [173 P.2d 367].)

Not only could these matters have been raised on appeal but the only ones about which there could have been any question, including the contention that the appellant was improperly persuaded by the public defender to enter a plea of guilty, were submitted upon conflicting affidavits which amply sustain the implied findings thereon.

It seems to be further contended, with respect to what occurred after the motion to vacate the judgment was filed, that there was an inexcusable delay in hearing the petition for a writ of error *coram nobis*; that the appellant encountered an unreasonable delay in receiving certain records he asked for after the order of August 27, 1954, was entered; that he was not properly or efficiently represented by the public defender on his application for a writ of error *coram nobis*; that his first petition for writ of error in May, 1954, was improperly denied since he had not properly asked for anything; and that the clerk's minutes are erroneous in that they refer to the appellant's motion as "a motion to vacate judgment" when in fact it was a motion to set aside the judgment as being void on its face. These contentions are unsupported by the record, are without merit, and no prejudice appears.

In connection with this appeal the appellant has presented a purported petition for a writ of prohibition "to prevent

documents of fraud to appear in any court as passing for true," and has presented 24 separate motions that the original judgment "be vacated and set aside, or reversed." For obvious reasons this petition and these motions are denied.

The purported appeals from the judgment entered on February 18, 1952, and from the denial of a writ of error entered on May 21, 1954, are dismissed. The order denying the application for a writ of error *coram nobis* is affirmed.

Griffin, J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court, filed February 25, 1955, was denied March 9, 1955.