[Crim. No. 4240. Second Dist., Div. Two. Nov. 17, 1948.]

THE PEOPLE, Respondent, v. ROBERT YOUNG, Appellant.

Robert Young, in pro. per., for Appellant.

Fred N. Howser, Attorney General, Frank Richards, Deputy Attorney General, W. E. Simpson, District Attorney, Jere J. Sullivan and Robert Wheeler, Deputy District Attorneys, for Respondent.

McCOMB, J.—On March 26, 1947, after trial before the court without a jury defendant was found guilty of grand theft from the person. Defendant thereupon waived time for

sentence, and no legal cause appearing why judgment should not be pronounced, the court pronounced judgment and sentenced defendant to be confined in the state prison for the term prescribed by law. Defendant did not make a motion for a new trial nor did he appeal from the judgment which became final. On February 3, 1948, defendant filed in the superior court a petition for a writ of error *coram nobis*. On February 11, 1948, the trial court denied this petition and from this order defendant appeals.

Defendant alleged in substance that he had been deprived of substantial rights because, (a) the waiver of his right to a trial by jury was obtained by illegal means and without his consent, and (b) the stipulation by which the People's case was submitted on the preliminary transcript was illegal and did not support a valid judgment.

■ This is the sole question necessary for us to determine :

*May the superior court entertain an application for a writ of error coram nobis where alleged errors could have been cured on (1) a motion for a new trial, or (2) appeal from the judgment, when defendant has failed to avail himself of either remedy?*

This question must be answered in the negative. Where defendant's contentions could have been presented on (1) a motion for a new trial, or (2) appeal from the judgment, and he has failed to avail himself of either remedy, a writ of error *coram nobis* will not be entertained to review the alleged errors. (*People* v. *Mooney,* 178 Cal. 525, 529 [174 P. 325]; *People* v. *Reid,* 195 Cal. 249, 255 et seq. [232 P. 457, 36 A.L.R. 1435]; *People* v. *Egan,* 73 Cal.App.2d 894, 900 [167 P.2d 766]; *People* v. *Superior Court,* 28 Cal.App.2d 442, 444 [82 P.2d 718]; *People* v. *McConnell,* 20 Cal.App.2d 196, 198 [66 P.2d 720].)

The foregoing rule is applicable to the instant case. Defendant did not take advantage of either of the remedies available to him, to wit : a motion for a new trial, or an appeal from the judgment. The questions he now attempts to raise could have been urged in either proceeding. Having failed to do so the trial court properly refused to consider his application for a writ of error *coram nobis*.

The order is affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied December 1, 1948.