[Crim. No. 4415. Second Dist., Div. Three. Feb. 9, 1950.]

THE PEOPLE, Respondent, v. JOHN HOSHOR, Appellant.

John Hoshor, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SHINN, P. J.—We have before us an appeal from an order denying the motion of John Hoshor to vacate a judgment of conviction of eight offenses of violation of the Corporate Securities Act [Stats. 1917, p. 673; 2 Deering's Gen. Laws, Act 3814], under which judgments he was sentenced, on the 15th day of September, 1948, to imprisonment in a state prison. Defendant made a motion for a new trial and appealed from the judgments. The judgments were affirmed June 7, 1949. (92 Cal.App.2d 250 [206 P.2d 882].) He was represented by counsel at the trial and by new counsel upon the appeal. The questions decided on the appeal were whether

certain instruments issued by defendant in connection with numerous business transactions came within the definition of "security" as used in the Corporate Securities Act, section 2a, paragraph 7, and whether the provisions of that act under which defendant was prosecuted are constitutional.

When the case came on for trial defendant waived his right of trial by jury and stipulated to the submission of the case upon the evidence and exhibits received at the preliminary hearing. In propria persona he filed a notice of motion to vacate the judgments and sentences on July 14, 1949. He stated as grounds for the motion that he was coerced and fraudulently induced by his attorney into waiving a trial by jury and stipulating that the case be tried on the evidence produced at the preliminary hearing. Elaborating upon this ground, defendant represented by his motion and his supporting affidavit that his attorney threatened to withdraw from the case unless trial by jury was waived and the case submitted upon the aforesaid evidence; that his attorney also represented to him as follows: That the acts with which he was charged did not constitute violations of the Corporate Securities Act; that the deputy district attorney who was prosecuting the case realized that it would be thrown out by the court on legal grounds; and further, that the court had no alternative but to acquit defendant. It was asserted that the attorney's conduct was fraudulent and that his representations to defendant had corroboration in acts and omissions of the deputy district attorney. It was also asserted that the allegedly fraudulent conduct of the attorney was not discovered until after the conclusion of the trial.

The motion to vacate the judgments and sentence came on for hearing July 21, 1949. Defendant appeared without counsel. The testimony of the following witnesses was taken: Herbert Grossman, the deputy district attorney who prosecuted the case; William A. Larsen, the attorney who represented defendant at the trial; and defendant himself. The matter was argued at length by defendant, was submitted and the motion was denied. The court orally stated its findings to the effect that the free will and judgment of the defendant were not overcome by any false statement of defendant's attorney or any other person, that the defendant at the trial relied upon legal advice he had received from his attorney, expressed as matter of opinion only, and that defendant's charges of fraud, malfeasance upon the part of his

attorney, and conspiracy with the deputy district attorney and others, were not established.

All that need be said with respect to defendant's charges that he was coerced and deceived by his attorney, is that the evidence which was before the court on the hearing of the motion furnishes ample support for the factual decisions announced by the court. At no time during the entire proceedings, from the commencement of the trial to the submission of the present appeal, has the defendant asserted or even suggested that he was not a party to the instruments which were held to be securities upon defendant's appeal from the judgments. It clearly appears that his sole defense was that the issuance of the instruments in question did not constitute violations of the Corporate Securities Act. No claim has been made that this defense was not urged to the trial court, as well as to the reviewing court. The fact that defendant's attorney was mistaken as to the question of law involved is of no significance whatever in the present proceedings. It is clear from the record that defendant had the benefit of the only defense that was available to him, and there is no reason to doubt that in urging this defense at the trial defendant's attorney put forth a conscientious and competent effort. On the record before us no factual basis exists upon which the trial court would have been justified in vacating the judgments. It may be mentioned, however, that the record furnishes no support for defendant's assertion that the conduct of the prosecutor appeared to verify certain of the statements allegedly made by defendant's attorney. The incidents mentioned are trivial and of no significance whatever.

The remaining point made on the appeal is that the judgment should have been vacated for the reason that the evidence at the trial consisted only of the evidence received at the preliminary hearing. The point is one that could have been urged on defendant's appeal, and is therefore not available to him in a proceeding to vacate the judgments. (*People* v. *Young,* 88 Cal.App.2d 601 [199 P.2d 21], and cases there cited; *People* v. *Reid,* 195 Cal. 249 [232 P. 457, 36 A.L.R. 1435].)

The order is affirmed.

Wood, J., and Vallée, J., concurred.