[Crim. No. 4446. Second Dist., Div. Two. Apr. 3, 1950.]

THE PEOPLE, Respondent, v. FREDERICK S. HOUSER, Appellant.

Frederick S. Houser, in pro. per., for Appellant.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

McCOMB, J.—On November 18, 1948, after trial before a jury, defendant was found guilty on two counts of robbery in the first degree. On November 23, 1948, the court pronounced judgment and sentenced defendant to be confined in the state prison for the term prescribed by law, the sentences to run consecutively. Defendant did not make a motion for a new trial nor did he appeal from the judgment which became final.

On July 5, 1949, defendant filed in the superior court a petition for a writ of error *coram nobis*. On July 8, 1949, the trial court denied this petition and from this order defendant appeals.

Defendant alleged in substance that he had been deprived of substantial rights because: (a) the trial court erred in giving an instruction on intoxication; (b) the trial court erred in admission and exclusion of evidence; (c) his conviction was against the weight of the evidence; (d) both the judge and the district attorney were guilty of misconduct; (e) false evi-

dence was used; and (f) he was improperly represented by his counsel.

**■** *Question: May the superior court entertain an application for a writ of error coram nobis where alleged errors could have been cured on (1) a motion for a new trial, or (2) appeal from the judgment, when defendant has failed to avail himself of either remedy?*

This question must be answered in the negative. Where defendant's contentions could have been presented on (1) a motion for a new trial or (2) appeal from the judgment and he has failed to avail himself of either remedy, a writ of error *coram nobis* will not be entertained to review the alleged errors. (*People* v. *Young,* 88 Cal.App.2d 601, 602 [199 P.2d 21], and cases therein cited.)

The foregoing rule is applicable to the present case. Defendant did not take advantage of either of the remedies available to him, to wit: a motion for a new trial, or an appeal from the judgment. The questions he now attempts to raise could have been raised in either proceeding. Having failed to do so the trial court properly denied his application for a writ of error *coram nobis.*

Affirmed.

Moore, P. J., and Wilson, J., concurred.