[Crim. No. 4533.   Second Dist., Div. One.   Feb. 26, 1953.]

THE PEOPLE, Respondent, v. MELVIN C. KENNEDY, Appellant.

· Melvin .C. Kennedy, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

WHITE, P. J.—By information filed in the Superior Court of Los Angeles County, petitioner was charged in Count I with the crime of robbery, and in Count II with the offense of kidnapping for the purpose of robbery. He was convicted on both counts and from such judgments of conviction he appealed.

This court affirmed the judgment of conviction of kidnapping for the purpose of robbery and reversed the judgment of conviction of armed robbery (*People* v. *Kennedy*, 101 Cal.App.2d 709 [226 P.2d 359]).

Thereafter, petitioner filed a petition for a writ of error *coram nobis* in the superior court of the county in which he had been tried, and the court there denied the petition on the ground that the superior court had no jurisdiction to hear the matter, as the judgment had been affirmed on appeal. The petitioner filed an appeal from the order denying his petition, and the appeal was dismissed. On September 24, 1952, this court issued an order stating that the petition for writ of error *coram nobis* which was filed in the superior court, and which was contained in the clerk's transcript on the appeal which had been dismissed, would be considered as a petition for writ of *coram nobis* made directly to the District Court of Appeal.

As his first ground for the issuance of the writ herein prayed for, petitioner alleges that the information filed against him did not accuse him of aiding and abetting in the kidnapping, which was all that the evidence adduced at his trial proved that he did. That the information was therefore void for uncertainty and that the pleading failed to allege facts constituting the crime of kidnapping for the purpose of robbery.

In this contention petitioner cannot be sustained. Penal Code, section 971, as it read in 1950, when the information was filed, provided, insofar as here pertinent: ". . . and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, shall hereafter be prosecuted, tried, and punished as principals, and no other facts need be alleged in any indictment or information against such an accessory than are required in an indictment or information against his principal."

From a reading of this section it is manifest that the information having charged petitioner as a principal, it was open to the district attorney to prove that the former actually committed the offense or that he aided and abetted in its commission, or advised and encouraged its commission. Petitioner having been charged as a principal in the crime of kidnapping for the purpose of robbery, it was not necessary that he be charged with aiding or abetting in said kidnapping as a prerequisite to the introduction of evidence that he did so, or to warrant a decision by the trial judge, if such aiding and abetting was proved beyond a reasonable doubt, that petitioner was guilty as a principal in the commission of the offense.

Petitioner's attack upon the sufficiency of the information is unavailing. Penal Code, section 952, reads as follows: "In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations of matter not essential to be proved. It may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused."

The information herein, charging as it did, that the accused had kidnapped his victim for the purpose of robbery in violation of the statute (Pen. Code, § 209) apprised the former of what he would be expected to meet on the trial.

Under the system of pleading in criminal cases prevailing in this state it is not necessary to allege the particular mode or means employed in the commission of an offense, except when of the essence thereof. The information having followed the language of the statute, the acts constituting the alleged kidnapping were sufficiently alleged

(*People* v. *Britton,* 6 Cal.2d 1, 5 [56 P.2d 494]). The foregoing also disposes of petitioner's claim that he was in fact accused of the crime of grand theft.

Petitioner next complains that the evidence was insufficient to support the judgment of conviction of the crime of kidnapping for the purpose of robbery, and that at most, if it proved the commission of any offense, that offense was grand theft. ■ All of the matters now urged with regard to the insufficiency of the evidence could have been raised on the appeal from the judgment, and practically all, if not all, were so raised (*People* v. *Kennedy, supra*). Under such circumstances it is well settled and definitely established that a second review cannot be obtained through the writ here relied upon (*People* v. *Mooney,* 178 Cal. 525 [174 P. 325] ; *People* v. *Egan,* 73 Cal.App.2d 894 [167 P.2d 766]). ■ Neither the sufficiency of the evidence (*People* v. *Martinez,* 88 Cal.App. 2d 767, 771 [199 P.2d 375]) ; nor errors in the admission of evidence (*People* v. *Hightower,* 75 Cal.App.2d 298, 299 [170 P.2d 490] ; *People* v. *Coyle,* 88 Cal.App.2d 967, 971 [200 P.2d 546] ; *People* v. *Lawyer,* 11 Cal.App.2d 718, 719 [54 P.2d 747]) ; nor the claim of the accused that he was committed on the uncorroborated testimony of an accomplice (*People* v. *Krout,* 90 Cal.App.2d 205, 209 [202 P.2d 635]), can be considered on an application for a writ of error *coram nobis.*

Nothing appears in the petition filed herein to indicate that the petitioner did not have a fair and impartial trial and, as this court said in deciding the appeal from the judgment (*People* v. *Kennedy, supra,* p. 715), "From the foregoing we are satisfied that the court was warranted in finding that appellant was actively engaged in advising and encouraging the commission of the crime (Pen. Code, §§ 31, 971), for the profit of himself and his companions, or at least one of them, to whom part of the fruits of the robbery were given. That the crime was committed in furtherance of a conspiracy in which appellant was actively engaged by way of advice and encouragement, though possibly not actively present when the victim was abducted and robbed.

"Conceding, as contended by appellant, that his codefendants were accomplices, we are satisfied that the evidence in the case at bar meets fully the requirements of section 1111 of the Penal Code with reference to corroboration."

Other claims of petitioner in support of his contentions as to the insufficiency of the evidence could have been raised on the appeal from the judgment of conviction. And if they

were not, petitioner, under well established rules of law, cannot now base upon them his application for the writ he seeks.

Finally, petitioner urges that he is entitled to the writ for the reason that he ''was tried on the record of the preliminary hearing with some additional evidence heard by the trial judge.'' At the trial of petitioner it was stipulated that the People's case might be submitted on the transcript of the testimony adduced at the preliminary examination with a reservation by both prosecution and defense that either might introduce additional evidence. ■ ■ It is now firmly established that the right of an accused to confront witnesses at his trial, whether reserved in the Constitution or in the statutes, may be waived, and that there is no deprivation of constitutional rights, or violation of due process, whereas here, the waiver of confrontation is made after cross-examination of the prosecution's witnesses at the preliminary examination, in the presence of the accused (*People* v. *Wallin*, 34 Cal.2d 777, 780, 781, 782 [215 P.2d 1]).

■ Furthermore, the point is one that could have been urged on petitioner's appeal, and is, therefore, not available to him on a petition for the issuance of a writ of error *coram nobis* (*People* v. *Hoshor*, 96 Cal.App.2d 40, 42 [214 P.2d 36]).

For the foregoing reasons, the petition for a writ of error *coram nobis* is denied.

Doran, J., and Drapeau, J., concurred.