[Crim. No. 4856. Second Dist., Div. Three. Mar. 13, 1953.]

THE PEOPLE, Respondent, v. VICTOR URVAN NEGLEY, Appellant.

William Herbert Hall for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

SHINN, P. J.—Following a preliminary hearing the district attorney of Los Angeles County filed an information charging the appellant in Count I with violation of Penal Code, section 288a, and in Count II with violation of Penal Code, section 286. The appellant pleaded "Guilty as charged in

Count I of the information'' and ''Not Guilty'' as to Count II. His attorney filed an affidavit in which he asserted that the appellant was a sexual psychopath and the court appointed three doctors to examine him under Welfare and Institutions Code, section 5500. The appellant's application for leave to file an application for probation was granted. The court found the appellant to be a sexual psychopath, and committed him to Norwalk State Hospital for a period not to exceed 90 days, and directed the superintendent of the hospital to report his diagnosis and recommendation concerning the appellant to the court within the 90-day period. The appellant was subsequently returned to court from the hospital, his application for probation was denied, and he was sentenced to the state prison for the term prescribed by law. Count II of the information was then dismissed. Subsequently he moved to set aside the judgment, sentence and plea of guilty, and his motion was denied. This appeal is from that order.

At the preliminary examination a 15-year-old boy testified that he slept for six nights in appellant's home; that during that time appellant committed an act constituting a violation of section 286 of the Penal Code and an act constituting a violation of section 288a of the Penal Code. After the testimony of the boy the following occurred: '' 'MR. CRAIL (Deputy District Attorney) : You may step down. Do I understand you want to put the defendant on the stand? MR. ORME (Attorney for the appellant) : That is right. MR. CRAIL: All right; come around. MR. ORME: Vic, take the stand.' '' At the suggestion of appellant's attorney the district attorney questioned the appellant. The questioning developed that appellant fully understood that he was not required to take the stand, that he was doing so voluntarily and understood that anything he said might be used against him. He admitted committing the acts to which the complaining witness had testified.

■ After judgment was entered appellant obtained new counsel and made his motion to set aside the plea, judgment and sentence. The grounds of the motion were, generally, that he was not sufficiently advised by his counsel or the court and would not have pleaded guilty if he had known that he might be sent to state prison. He alleged that the officers who arrested him procured a confession by representing that leniency would be shown him if he admitted the acts of which he was accused. He alleged that his attorney, Archie D. Orme, represented to him that he would not go to

prison but would be committed for a short time to a state hospital and that he pleaded guilty on such advice and assurance of his attorney; that he later obtained different counsel and was advised that he had had a good and valid defense to the charges because of the lack of corroboration of the testimony of the boy, if he was an accomplice. Appellant's former attorney filed an affidavit on behalf of the People; he said that at the time he was retained by appellant he "was not in possession of the new psychiatric laws applicable to the facts pertaining to said Victor U. Negley but was more or less familiar with the substance thereof." The affidavit was in vague terms and was to the general effect that Orme had encouraged and advised appellant to plead guilty and had told him that the offense charged "has been made a felony by the legislature." Although it appeared from the affidavit that the attorney had told affiant of instances in which sexual psychopaths had been released on probation, it did not appear that he had advised him that he could or might be sent to state prison after he had spent a time in a state hospital. There was little or nothing in the affidavit to contradict the averments of appellant's affidavit that he pleaded guilty in the belief induced by the assurance of his attorney that he would not be sent to state prison. Neither did it appear that appellant was given any advice concerning the sufficiency of the evidence against him. One of the arresting officers made an affidavit to which was attached a copy of an interview between appellant and the affiant and another officer after appellant's arrest. In his affidavit the officer denied that it was represented to appellant that he would receive lenient treatment if he confessed, and also denied that any other promise was held out to appellant or that anything was done or said to induce a confession. The transcript of the interview, consisting of the questions and answers, did not disclose that any promises were made or any pressure was used to obtain the confession.

In appellant's brief it is urged that the district attorney insisted that appellant should take the stand at the preliminary examination and he argues that this was a violation of his constitutional rights. As previously stated the record of the proceedings at the preliminary shows that defendant testified voluntarily pursuant to the advice of his own counsel.

It appears, however, that upon argument of the motion to vacate, Mr. Crail, deputy district attorney, who had conducted the preliminary, stated that he had insisted that ap-

pellant take the stand in order that the prosecuting witness could return to his former home in Kansas. At the same time Mr. Crail stated that appellant and his attorney knew of his purpose in "insisting" that appellant take the stand. It may fairly be inferred that it was understood that appellant would admit commission of the offenses. If he had denied guilt the State might have required the presence of the complaining witness at the trial. It may not be inferred, however, from the fact that the deputy insisted that appellant take the stand, that any promise of leniency was made or that appellant was overreached in the matter. It was evidently the purpose of his attorney to have him plead guilty. This is borne out by the testimony, itself, which clearly shows that it was intended to lay a foundation for a proceeding, later instituted by the attorney, to have his client declared to be a sexual psychopath. It does not appear from the affidavit of appellant, or that of the attorney, that there was at any time an intention that appellant would stand trial. The trial judge, in ruling on the motion was justified in concluding that appellant took the stand voluntarily and made his admission for the purpose of supporting an application to be made later to have himself adjudged a sexual psychopath.

The averment of appellant's affidavit that the arresting officers induced him to believe a confession would result in leniency was expressly denied. Presumably the court resolved this conflict of evidence against appellant and this determination is conclusive on the appeal.

In substance the ground of appellant's motion was that he pleaded guilty upon the strength of the advice given him by his attorney, whose good faith he does not question. It is argued that the attorney was unfamiliar with some provisions of the law that could have been, but were not, invoked for his benefit. It appears, without contradiction, that the attorney expected more lenient treatment for his client at the hands of the court than he received, and that the advice given the client was unduly optimistic. These facts were legally insufficient as a basis for an order vacating the judgment. (*People v. Hoshor*, 96 Cal.App.2d 40 [214 P.2d 36].)

The order denying motion to vacate judgment, sentence and plea is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 8, 1953.