[Crim. No. 978.   Fourth Dist.   Dec. 21, 1954.]

THE PEOPLE, Respondent, v. HOWARD D. MITCHELL, Appellant.

Howard D. Mitchell, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

MUSSELL, J.—On February 19, 1932, an information was filed in the Superior Court of Orange County charging appellant with the crime of grand theft, alleged to have been committed by him on or about December 18, 1929. A jury found appellant guilty as charged and he was committed to the state prison for the term prescribed by law. No motion for new trial was made and no appeal was taken from the judgment. Appellant's term of imprisonment under said judgment has long passed and he is presently confined in the Nebraska state penitentiary.

On June 23, 1954, appellant filed in the Orange County Superior Court an "Application and Motion in Writ of Error Coram Nobis," stating therein that at his trial in 1934 one Bert West was his counsel; that Mr. West was the district attorney of Orange County when the information was filed; (a fact not borne out by the record as the information apparently was signed and filed by Sam Collins, District Attorney) that in 1932 Mr. Kaufman was first assistant district attorney to Mr. West and at the time of trial Mr. Kaufman was district attorney; that in 1932 he retained Mr. Jacobs as his attorney but that he had discharged him after a mis-understanding; that Judge Scovil, who presided at the trial, was a former law partner of Mr. Jacobs; that the complaining witness failed to keep his agreement to "get the case dis-

missed''; that ''the court was being used as a collection agency in a criminal prosecution''; that by reason of this conviction appellant was denied an insurance license as agent and denied life insurance. He further alleged that he is now serving a prison sentence in Nebraska, the offense being ''1 to 5 years, whereas, he received a sentence of 12 years, due to multiple sentence law.''

The trial judge herein appointed an attorney to represent the appellant in the proceeding on his application and Mr. West testified at the hearing concerning the proceedings at the trial and in refutation of the allegations of the petition. He stated that during the time he was district attorney a complaint was filed by one of his deputies charging defendant with grand theft; that at a subsequent time, and after he, West, left the district attorney's office, defendant came to him and discussed the case with him; that at the commencement of the trial it was not brought to his attention and he did not realize that he was district attorney when the complaint was filed; that during the trial this fact was brought to his attention and after discussing the matter with the court, it was agreed that he proceed with the defense; that defendant, in open court, stated that he was advised of the situation, that he wanted to waive the disqualification and wanted to proceed and have West defend him.

Appellant contends that the hearing was improper because he was not permitted to be present, that he should have been informed of the appointment of counsel and that the court erred in not granting the writ. These contentions are all without merit.

The question of whether appellant should have been allowed to be present at the time of the hearing was a matter within the sound discretion of the trial court. (*People* v. *Kirk*, 76 Cal.App.2d 496, 498 [173 P.2d 367].) Appellant has not accounted for the delay of many years in filing his petition and this fact alone is sufficient to authorize the court to deny the writ, and appellant's request for his personal appearance at the hearing. (*People* v. *O'Connor*, 114 Cal.App.2d 723, 727 [251 P.2d 64].)

The facts alleged in appellant's petition relative to his counsel were known to him and to the court at the time of the trial and the irregularities, if any, in the conduct of Mr. West or the court at the trial cannot be corrected by the writ sought. As was said in *People* v. *Smith*, 109 Cal.

App.2d 76, 78 [239 P.2d 903], quoting from *People* v. *Reid,* 195 Cal. 249, 258 [232 P. 457, 36 A.L.R. 1435] :

" 'The uniform conclusion of the decisions is that the function of a writ of error *coram nobis* is to correct an error of fact. It never issues to correct an error of law nor, so far as we have been able to ascertain, has it ever issued to redress an irregularity occurring at the trial, such as misconduct of the jury, or of the court, or of any officer of the court (except under circumstances amounting to extrinsic fraud which in effect deprived the petitioner of a trial upon the merits).' "

The adequacy of the defense furnished to appellant by his counsel cannot be here considered and that matter also could have been considered on a hearing of a motion for a new trial or an appeal from the judgment. (*People* v. *Krout,* 90 Cal.App.2d 205, 208 [202 P.2d 635] ; *People* v. *Houser,* 96 Cal.App.2d 786, 787 [216 P.2d 171] ; *People* v. *Watkins,* 92 Cal.App.2d 375, 376-377 [206 P.2d 1118].) Appellant did not allege in his petition when he discovered the facts alleged therein upon which he relies or that they could not have been discovered by him many years prior to the filing of his petition. As was said in *People* v. *Shorts,* 32 Cal.2d 502, 513 [197 P.2d 330] :

"One who applies for a writ of coram nobis upon a ground such as the one here presented must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief."

Appellant has failed to allege errors which could not have been corrected on a motion for a new trial or on appeal from the judgment and under such circumstances, is not entitled to a writ of error *coram nobis.*

The order denying the petition for a writ of error *coram nobis* is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied January 3, 1955, and appellant's petition for a hearing by the Supreme Court was denied January 19, 1955.