[Crim. No. 10936. Fourth Dist., Div. Two. Oct. 15, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT GREENBERG, Defendant and Appellant.

COUNSEL

Arthur P. Lindars, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Michael D. Wellington and Bruce Daniel Rosen, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

GARDNER, P. J.—Defendant was convicted of oral copulation in violation of Penal Code section 288a. The jury found it to be true that the crime was committed on a minor under 14 years of age and that the victim was more than 10 years younger than the person who committed the act upon her. This brought into play Penal Code section 288a, subdivision (c) which carries a greater punishment than the same offense without proof of the 10-year age differential. Defendant's guilt rested on an aiding and abetting theory. Subsequently defendant was found to be a mentally disordered sex offender and was committed to Patton State Hospital for four years.

FACTS

On September 3, 1978, Deputy Moran investigated a report of a suspicious vehicle parked on a street in Ontario. As he approached the vehicle he saw defendant in the driver's seat and 21-year-old Miguel Gomez in the passenger seat. Gomez' genital area was naked. Seated on the floorboard between Gomez' legs was Elizabeth, defendant's nine-year-old stepdaughter and the victim, who was naked from the waist down.

Both Elizabeth and Gomez testified to Elizabeth's oral copulation of Gomez. There was also evidence the defendant removed Elizabeth's lower body clothing and verbally encouraged her to perform the oral copulation. Other details of the incident are unnecessary.

■ Defendant's conviction is upon an aiding and abetting theory. His contention is that one cannot aid and abet oral copulation as pro-

scribed in Penal Code section 288a, subdivision (c). Defendant was unable to find authority directly on the point.

Defendant directs our attention to Penal Code section 288a, subdivision (d) which specifically proscribes forcible oral copulation committed "personally or by aiding and abetting" another. From this defendant derives the conclusion that had the Legislature intended violation of Penal Code section 288a, subdivision (c) by the act of aiding and abetting, language so stating would have been included in subdivision (c) just as was done in subdivision (d). Thus, defendant views the absence of aiding and abetting language in subdivision (c) as critical and dispositive.

As a factual question in this case, it is crystal clear that defendant is guilty of aiding and abetting a violation of Penal Code section 288a, subdivision (c). The question here is whether there is such a crime in this state.

The balance of defendant's argument consists of quoting Penal Code section 288a as it read prior to 1975. Under pre-1975 law the statute made oral copulation a criminal offense no matter where or between whom the act was committed. It is well known that oral copulation was decriminalized in 1975 as between consenting adults but continues as a criminal offense in other instances.

The statute in effect prior to 1975 made no mention of aiding and abetting but assessed guilt against "Any persons participating." The pertinent portion of subdivision (c) at issue similarly defines the guilty party as "Any person who participates." Subdivision (d), upon which defendant relies, provides: "Any person who, while voluntarily acting in concert with another person, either personally or by aiding and abetting such other person, commits an act of oral copulation by force or violence and against the will of the victim shall be punished by imprisonment in the state prison. . . .' The language concerning acting in concert and aiding and abetting was simply added as subdivision (d) in 1975 when the virtually identical provision in Penal Code section 288b was repealed as part of the changed oral copulation statutory scheme.

Penal Code section 288a prior to 1975 made no reference to aiding and abetting. At that time Penal Code section 288b provided that "The provisions of Section 288a notwithstanding, in any case in which defendant, voluntarily acting in concert with another person, by force or

violence and against the will of the victim participated in an act of oral copulation, either personally or by aiding and abetting such other person, such fact shall be charged . . . and if found to be true . . . defendant shall suffer confinement in the state prison . . . . "

The present language of Penal Code section 288a, subdivision (d) was a recodification of the repealed provisions of Penal Code section 288b. Defendant's reliance on the language in Penal Code section 288a, subdivision (d) is misplaced.

There is nothing inherent in the offense of oral copulation with a minor that logically precludes the act of aiding and abetting. Penal Code section 31 provides that "All persons concerned in the commission of a . . . felony . . . and whether they directly commit the act constituting the offense, or aid and abet in its commission . . . are principals in any crime so committed." Those acts presently constituting criminal oral copulation have not significantly changed despite the 1975 decriminalization between consenting adults and there has been no substantive change, other than penalty, as to the pertinent portion of Penal Code section 288a, subdivision (c). Thus, earlier case law recognizing aiding and abetting oral copulation in nonforcible factual settings still remains the law of this state. (*People* v. *Drolet* (1973) 30 Cal.App.3d 207, 216-217 [105 Cal.Rptr. 824]; see: *People* v. *Parker* (1973) 33 Cal.App.3d 842 [109 Cal.Rptr. 354].)

Also persuasive is *People* v. *Roberts* (1972) 26 Cal.App.3d 385 [103 Cal.Rptr. 25], which is similar to the matter before us. There defendant was convicted of aiding and abetting lewd and lascivious acts upon a group of children in violation of Penal Code section 288. His argument was that a violation of Penal Code section 288 requires a physical touching for sexual reasons and the statutory provision refers to *acts* upon the children and consequently he could not be guilty of the offense because there had been no physical contact by defendant with the children. "Although section 288 speaks of lewd and lascivious acts upon a child, we know of no authority that requires that a defendant, charged as an aider and abettor, must have actual physical contact with the victim. The question has been considered in related offenses. Thus it has been held that a man may be convicted of being a principal in the rape of his wife if he aided and abetted its commission by another person, even though rape is defined as an act of sexual intercourse accomplished with a female not the wife of a perpetrator. (*Matter of Application of Kantrowitz*, 24 Cal.App. 203 [140 P. 1078].) A woman

is guilty of statutory rape if she aids and abets the rape of her minor daughter. (*People* v. *Haywood*, 131 Cal.App.2d 259 [280 P.2d 180].) An adult may be guilty of statutory rape if he aids and abets another person to have sexual intercourse with a 16-year-old girl. (*People* v. *Lewis*, 113 Cal.App.2d 468 [248 P.2d 461].)" (At pp. 387-388.)

*Roberts* and the cases cited therein are also dispositive of any suggestion by defendant that his conviction under subdivision (c) of Penal Code section 288a required proof that he, the aider and abettor, was also more than 10 years older than the victim. While defendant may well have been 10 years older than the victim, this was not a subject of evidence in this case and there was no requirement of such evidence.

■ Defendant also contends the court erred in allowing the People, at the close of evidence, to amend the information to reflect that Miguel Gomez was more than 10 years older than the victim. The original information charged defendant as the actual and direct perpetrator of the offense, also alleging that defendant was more than 10 years older than the victim. At least by the inception of trial and prior to any jury selection, the prosecution had fully disclosed that its theory of guilt was aiding and abetting. Defendant accepted this theory as fact and attempted to exclude that evidence demonstrating defendant's personal oral copulation of the victim. After jury selection but before the taking of testimony, the aiding and abetting theory of guilt was again recognized as the substance of the case by the prosecution and fully recognized by the defense.

During the prosecution's case-in-chief, the ages of Miguel Gomez and the victim were established. The prosecution did not establish the age of defendant because of the aiding and abetting theory. At the close of the prosecution's case, defendant moved to strike that portion of the information that alleged defendant was more than 10 years older than the victim in that no evidence of defendant's age had been received into evidence. The motion was granted. Then some confusion ensued. Defendant's counsel opined that the greater penalties of subdivision (c) were removed from the case. We assume defendant's counsel was of the view that the case had shifted to a violation of subdivision (b)(1) which carries a lesser penalty. The prosecution disagreed, correctly arguing that under a subdivision (c) charge as an aider and abettor, it was simply not required to prove that the aider and abettor (defendant) was also more than 10 years older than the victim. The court would not allow the prosecution to reopen to establish defendant's age. The questions

were not resolved at that time and the case moved on to that of the defense.

When all the evidence was in, the prosecution moved to amend the information to conform to proof by changing the allegation that defendant was more than 10 years older than the victim (the part previously struck) to a recitation that Miguel Gomez was more than 10 years older than the victim. This amendment was allowed, over defendant's objection. It is this amendment which receives appellate challenge.

Defendant's arguments are fundamentally unsound. He argues that this amendment improperly changed the offense from that of Penal Code section 288a, subdivision (a) to Penal Code section 288a, subdivision (c) and consequently added a new element to the offense as well as a greater penalty than charged on the information with defendant's age struck therefrom.

The original information factually charged defendant with a violation of Penal Code section 288a, subdivision (c), although the charge itself referred only to Penal Code section 288a. Defendant is simply mistaken in arguing that he was charged with a violation of subdivision (a) of Penal Code section 288a at any point in this case. Subdivision (a) does not constitute a crime. Subdivision (a) merely defines oral copulation which, since 1975, carries no criminal penalty except in those instances described in the subdivisions following subdivision (a). Thus subdivision (a) merely recites: "(a) Oral copulation is the act of copulating the mouth of one person with the sexual organ of another person." This, alone, is not a criminal act in California and no penalty is specified in subdivision (a). The act of oral copulation per se has not been a criminal offense since 1975.

Defendant's argument that the striking of his age in the information changed the charge to a violation of subdivision (a) which was, by amendment, changed to subdivision (c), is incorrect. He was charged with a violation of subdivision (c) from the inception and the unnecessary striking of a portion of the information does not change that fact. At the time of the striking the court declined to immediately determine the effect of the striking. It was determined when the prosecution's amendment was allowed. Furthermore, defendant's claim that he was put to an added element in the case is simply untrue. At the time of the striking, the age of Gomez, the so-called additional element, was already of record. The factual difficulties involved in determining Gomez'

age are not of the weighty type. He testified he was 21 years old. Defendant offers nothing to even hint at how he was deprived of challenging that fact. When the amendment was allowed, the court also allowed defendant's request that Gomez be made available for cross-examination on his age. We find no cross-examination in the record on this matter. Defendant earlier had failed to cross-examine Gomez on his age, assuming there were any intelligent questions to be asked in that regard.

The only effect of the amendment was to change the factual charge from the theory that defendant personally committed the act to the theory that he aided and abetted Gomez in the commission of the illegal act. It is quite clear from the trial record that defendant was aware that the prosecution theory was that of aiding and abetting and defendant poses no issues to the contrary. ■ In California one may be convicted of aiding and abetting without the accusatory pleading reciting the aiding and abetting theory so long as defendant is charged in that pleading as a principal to the substantive offense and thus receives notice of the charge against him. (Pen. Code, §§ 971, 952; *People* v. *Kennedy* (1953) 116 Cal.App.2d 273, 274-275 [253 P.2d 522].) ■ Defendant concedes that the evidence at the preliminary hearing put him on notice that the charge was under subdivision (c). The record does not indicate how early the defendant was aware of the aiding and abetting theory but it is obvious that he was fully aware at the time of trial. Defendant was on notice as to the charge and we find no error in this regard.

Judgment affirmed.

Tamura, J., and Morris, J., concurred.