Filed 4/15/14  In re W.C. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re W.C.,<br><br>a Person Coming Under the Juvenile Court Law. | B248109<br><br>(Los Angeles County<br> Super. Ct. No. FJ50302) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>W.C.,<br><br>    Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tamara Hall, Judge.  Reversed in part and affirmed in part.

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

Appellant W.C., a minor, appeals from the order of the juvenile court finding that he committed residential burglary (Pen. Code, § 459)[1] and grand theft (§ 487, subd. (a)), and sustaining a petition under Welfare and Institutions Code section 602 (section 602). He contends that there is no substantial evidence for the finding that he committed theft. He further contends that the juvenile court erred in setting a maximum confinement time because he was not removed from his parent's physical custody.

We reverse the finding sustaining count 2, because substantial evidence did not support the finding that appellant committed theft of a laptop. We order the maximum term of confinement to be stricken. In all other respects, the order of wardship is affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

*August 13, 2012 Section 602 Petition*

On August 13, 2012, the Los Angeles County District Attorney filed a section 602 petition alleging that on April 27, 2012, appellant committed one count of residential burglary (count 1) and one count of grand theft of personal property (count 2), both felonies. With respect to count 2, the petition alleged that appellant "did unlawfully take money and personal property of a value exceeding Nine Hundred Fifty Dollars ($950), to wit, LAPTOP, XBOX, GAME, HEADPHONES, the property of Oscar Barrera."

---

[1] All subsequent undesignated references are to the Penal Code, unless otherwise specified.

2

*Evidence at Hearing*

At a February 26, 2013 hearing, Oscar Barrera testified that he left his apartment at approximately 9:00 a.m. on April 27, 2012, and returned home later that day between 1:00 and 3:00 p.m. As he pulled into the driveway, he saw his upstairs neighbor, whom he knew as "Ju-Ju," running up the stairs at the back of the apartment building. Those stairs are next to Barrera's first-floor bedroom window, and lead to Ju-Ju's upstairs apartment. Barrera stated that his doors and windows were locked when he left that morning.

When Barrera walked into his bedroom, he noticed that his Xbox game console was missing. As he looked around, he discovered that his laptop and headphones were also gone. Barrera testified that he paid approximately $400 for the Xbox game console, $600 for the laptop, and $250 for the "Beats" headphones.

Barrera called the police and then went upstairs to Ju-Ju's apartment and talked to his mother and father. Thirty minutes later, Ju-Ju returned the laptop and headphones to him. Later that week, his Xbox was returned by another suspect whom Barrera could not identify except to state that he did not see the person who returned any of those items in court.

Los Angeles Police Department Officer Al Navarro and his partner responded to Barrera's call reporting a burglary. Barrera pointed out to Officer Navarro that his bedroom window was partially open and the screen was off, and Officer Navarro concluded that the window was the likely point of entry for the burglars.

Ju-Ju told the police that appellant had been involved in the theft and provided appellant's address. Officer Navarro and his partner then went to appellant's home, arrested him, and transported him to the police station for questioning. Appellant admitted that he and two of his friends, Ju-Ju and Dorian,

3

were standing outside Ju-Ju's apartment, near some stairs next to a neighbor's window. They noticed that the window was unlocked. One of his friends came up with the idea to go inside and take items. They opened the window, and all three boys crawled inside the apartment; each took an item and put it in his own backpack, and then they left together. Appellant stated he took an Xbox and some headphones. As they walked down the street, Ju-Ju got a call from one of his parents; he gave the item he had taken to Dorian for safekeeping, and at that point the three boys split up and went to their respective homes. None of the stolen items was recovered from appellant.

*Trial Court's Findings*

The juvenile court found that appellant "admitted that he and his friends went inside, they all took items." The court noted that appellant "was able to express which items he took; in particular, it was the laptop." The court amended count 2 of the petition by interlineation by striking the words "Xbox," "game," and "headphones," finding that those items did not "pertain" to appellant, and that "the property that remains as to the minor is the laptop." Thus, the count 2 grand theft allegation, as sustained in the amended petition, stated that appellant had unlawfully taken a laptop, with a value exceeding $950. The court also sustained count 1 alleging residential burglary, and declared appellant a ward of the court.

At the disposition hearing, the court noted that appellant had been found to have committed another first degree residential burglary offense on April 30, 2012 (three days after the offense in the instant case), and a May 2, 2012 petition based on that offense was sustained by another court. For that offense, appellant was placed home on probation.

4

The court in the instant case ordered the conditions of probation in the previous case to remain in full force and effect, and set a maximum confinement time for eight years, eight months. No predisposition credits were awarded.

Appellant appeals from the juvenile court's order.

## DISCUSSION

### I. *Insufficient Evidence Supported Finding That Appellant Stole Laptop*

Although the juvenile court found that appellant had taken a laptop from Barrera's apartment, and not an Xbox, games, and headphones, in fact, Officer Navarro testified that appellant admitted he took an Xbox and some headphones, not a laptop, and no other evidence was presented that appellant personally took the laptop. Appellant thus contends there was insufficient evidence to sustain the charge of grand theft in count 2, which, as amended by the court, was based solely on the theft of the laptop.[2]

"In assessing a claim of insufficiency of evidence, the reviewing court's task is to review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.) "A reversal for insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support"' the jury's verdict. [Citation.]" (*People v. Zamudio* (2008) 43 Cal.4th 327, 357; see *People v. Bolin* (1998) 18 Cal.4th 297, 331.) These principles are

---

[2]    Appellant does not challenge the sufficiency of evidence to support count 1, for residential burglary, or the court's finding that appellant was a ward of the court under section 602.

equally applicable to a review on appeal of the sufficiency of the evidence in a juvenile proceeding in which the minor is alleged to have violated a criminal statute. (*In re Roderick P.* (1972) 7 Cal.3d 801, 809.)

The Attorney General contends that sufficient evidence was presented that, at a minimum, appellant aided and abetted the theft of the laptop, even if he did not personally take that item and instead personally took the Xbox and headphones while one of his friends removed the laptop from Barrera's apartment. Under section 31, "'[a]ll persons concerned in the commission of a crime, . . . whether they directly commit the act constituting the offense, or aid and abet in its commission, . . . are principals in any crime so committed.' . . . [Citation.]" (§ 31; see *People v. Delgado* (2013) 56 Cal.4th 480, 486.) Therefore, the Attorney General asserts, appellant was properly found to have committed the theft of the laptop as an aider and abettor.[3]

However, appellant counters that the juvenile court "foreclosed a finding of grand theft on an aiding and abetting theory" by striking the reference to the Xbox, games, and headphones because they did not "pertain" to appellant and by ruling that appellant committed theft based solely on the finding that appellant personally took the laptop. Appellant contends that by specifically finding that appellant personally stole the laptop, the court necessarily found that appellant did not assist or aid *another* in taking it, and therefore we may not affirm the juvenile court's finding on the theft charge on an alternative aiding and abetting theory.

---

[3] Although the section 602 petition did not reference an aiding and abetting theory of liability for the theft, "[i]n California one may be convicted of aiding and abetting without the accusatory pleading reciting the aiding and abetting theory so long as defendant is charged in that pleading as a principal to the substantive offense and thus receives notice of the charge against him." (*People v. Greenberg* (1980) 111 Cal.App.3d 181, 188.)

Although appellant does not cite any supporting authority for his position, his argument is well-taken, and finds support in *People v. Guiton* (1993) 4 Cal.4th 1116 (*Guiton*), which arose in the context of a jury trial leading to a criminal conviction that could have been based either on a theory of liability that was supported by substantial evidence, or a theory that was not supported. The particular issue the Supreme Court considered was whether a conviction for the "sale or transportation of cocaine" (Health & Saf. Code, § 11352), could be upheld when the jury was permitted to convict the defendant of that offense on either of two grounds—that he sold or transported the cocaine—but there was insufficient evidence to support a finding that he sold cocaine. (*Guiton, supra*, 4 Cal.4th at p. 1120.) The court concluded that "[a]n appellate court necessarily operates on the assumption that the jury has acted reasonably, unless the record indicates otherwise. [¶] . . . Thus, if there are two possible grounds for the jury's verdict, one unreasonable and the other reasonable, we will assume, absent a contrary indication in the record, that the jury based its verdict on the reasonable ground." (*Id.* at p. 1127.) Where, however, there is "an affirmative indication in the record that the verdict actually did rest on the inadequate ground," reversal is required even if a valid alternative ground for the verdict remains.[4] (*Guiton, supra,* 4 Cal.4th at p. 1129; see *id.* at p. 1130 ["[T]he appellate court should affirm the judgment unless a review of the entire record affirmatively demonstrates a reasonable probability that the jury in fact found the defendant guilty solely on the unsupported theory."]; accord *People v. Perez* (2005) 35 Cal.4th 1219, 1233.)

---

[4] On the other hand, if the inadequacy in one of the grounds presented to the jury is legal, not merely factual, that is, when the facts do not state a crime under the applicable statute, reversal is required, "absent a basis in the record to find that the verdict was actually based on a valid ground." (*Guiton, supra,* 4 Cal.4th at p. 1129.)

7

Here, the juvenile court, not a jury, was the factfinder, but we do not believe that distinction materially affects the analysis. The general rule is that "'[a]fter conviction all intendments are in favor of the judgment and a verdict will not be set aside unless the record clearly shows that upon no hypothesis whatsoever is there sufficient evidence to support it.' [Citation.]" (*People v. Gonzales* (1970) 4 Cal.App.3d 593, 602.) In this case the court's statements on the record, in finding that appellant had committed theft, leave no room for doubt that the court based its finding on the unsupported theory that appellant personally stole the laptop. Even if substantial evidence supported a finding of guilt on an aiding and abetting theory, we cannot ignore the affirmative indications in the record that the court did not rely on this theory. Because the theory on which the court actually relied, that appellant personally stole the laptop, is not supported by substantial evidence, we reverse the court's finding that appellant is guilty of theft.[5]

II. *Maximum Confinement Time*

Appellant correctly argues that the juvenile court erred in setting a maximum term of confinement for his disposition of home on probation. Welfare and Institutions Code section 726, subdivision (d) provides: "If the minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the

---

[5] Because we find that the juvenile court erred in finding the theft offense true, we need not consider appellant's alternative argument that he should have been found to have committed only petty theft, not grand theft.

8

offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court."

By its express terms, Welfare and Institutions Code section 726, subdivision (d) applies only if a minor is removed from the physical custody of his or her parent or guardian. Appellant was not removed from the physical custody of his parent, there was no confinement, and the order setting a maximum term of confinement is erroneous. (*In re P.A.* (2012) 211 Cal.App.4th 23, 30; *In re Ali A.* (2006) 139 Cal.App.4th 569, 573.) Therefore, we order stricken the maximum term of confinement. (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 541; see *In re A.C.* (2014) 224 Cal.App.4th 590, 592 ["[W]here a juvenile court's order includes a maximum confinement term for a minor who is not removed from parental custody, the remedy is to strike the term."])[6]

---

[6] Because we order the maximum term of confinement to be stricken, we need not consider appellant's alternative arguments that the term of confinement was miscalculated or that the court should have awarded more pre-disposition credit.

**DISPOSITION**

The order of the juvenile court sustaining a true finding as to count 2 is reversed, and the theoretical maximum term of confinement is stricken. In all other respects the order of wardship is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:


EPSTEIN, P. J.


MANELLA, J.

10